### L. D. KITCHINS v. J. J. HARRALL, USE, ETC.

1. CHANCERY PLEADING. *Bill for use of one not a party.*
   A bill in chancery for the use of persons not parties thereto cannot be maintained.

2. PRO CONFESSO. *Motion to set aside. Verbal agreement between counsel.*
   An affidavit disclosing a verbal agreement between the solicitors of the parties to a chancery suit for further time to answer is not sufficient to set aside a *pro confesso* taken during the time.

3. BILL TO SUBJECT LAND TO PURCHASE-MONEY. *When heir and widow may file.*
   The widow and heir of the indorsee of a note for the purchase-money of land for which title-bond has been given cannot maintain a bill to subject the land to its payment, in the absence of a showing of record that they are entitled to be substituted as the representatives of the indorsee, as that there is neither administrator nor necessity for one.

APPEAL from the Chancery Court of Tippah County.

Hon. A. B. FLY, Chancellor.

This suit was to subject land, a bond for title to which had been given by Harrall to Kitchins, to the payment of notes for the purchase-money, executed by Kitchins to Harrall, and by him indorsed to Pryor Scally and William Pollard. The motion to set aside the *pro confesso* was based on the affidavit of the defendant's solicitor that it was taken within the time which he and the complainant's solicitor had agreed the defendant should have to answer.

*B. F. Worsham*, for the appellant.

1. The court erred in refusing to set aside the *pro confesso*.

2. Harrall was a mere volunteer. The indorsees of the notes were the only parties who could file the bill. *Pitts* v. *Parker*, 44 Miss. 247; *Parker* v. *Kelly*, 10 S. & M. 184; *Tanner* v. *Hicks*, 4 S. & M. 294.

3. The *pro confesso* will not warrant relief where the bill states no case. *Garland* v. *Hull*, 13 S. & M. 76; *Spears* v. *Cheatham*, 44 Miss. 64.

4. The administrator of Pollard, to whom the note is payable, is not a party.

*Carter & Spight*, for the appellee.

The *pro confesso* should not have been set aside. Such agreements must be in writing. Chancery Rule, 43; *McGowan* v. *James*, 12 S. & M. 445; Code 1871, § 1021; *McDonald* v. *Myles*, 12 S. & M. 279; *Land* v. *Elliot*, 1 S. & M. 608; *Yeizer* v. *Burke*, ·3 S. & M. 439; *Southern Express Co.* v. *Craft*, 43 Miss. 508; *Robb* v. *Halsey*, 11 S. & M. 140.

CAMPBELL, J., delivered the opinion of the court.

Harrall exhibited this bill for the use of Pryor Scally and William Pollard. Harrall is the only complainant, and complains for the use and benefit of the persons named, who are not made parties to the bill. The prayer of the bill is to decree payment to the complainant for the use of the parties named. We are not aware of any authority for this new mode of instituting a suit in chancery. Courts of law permit the holder of the legal title, in certain cases, to sue for the use of the beneficial owner, who is regarded as the real plaintiff. This is because the beneficial owner cannot sue in a court of law in his own name; and, therefore, the name of the holder of the legal title must appear as nominal plaintiff. There is no reason for any such rule in Chancery Courts, and it has never obtained recognition by them. Coke said, *nihil simul inventum est et perfectum*, which is applicable to this suit.

It was entirely proper to unite Scally and Pollard as co-complainants with Harrall; but this is not done by the bill. Upon a dismissal of this bill on its face no decree for costs could be made against any one but Harrall. Although Pollard and Scally are not joined as complainants by any apt words, it was suggested that Pollard had died after bill filed; and a revivor was had in the name of "W. J. Pollard and Peggy Pollard, son and heir-at-law, and widow, of said deceased." It thus appears that it was considered that William Pollard was a complainant, and that on his death it was necessary to revive the suit. A *pro confesso* was taken, which the court refused to set aside on motion, and proceeded to a final decree directing payment of certain sums found to be due to "William Pollard (who was dead) and Pryor Scally," in default of which payment the land was directed to be sold.

This decree having been appealed from, the questions are, Did the Chancellor err in refusing to set aside the *pro confesso?* and, Does the bill confessed entitle the complainants to the decree rendered, or to any decree?

The motion to set aside the *pro confesso* was properly refused. The bill does not show a right to the decree, nor to any decree. Conceding that Pollard and Scally can be regarded as complainants, which is not the case, the suit was improperly revived in the name of the widow and son of Pollard. It is true that distributees may maintain a suit in chancery when there is no administrator, and no necessity for one; but the note due to William Pollard on his death *prima facie* vested in his personal representative; and, if a state of case exists which entitled W. J. Pollard and Peggy Pollard to be substituted as the representatives of the deceased Pollard, it should be shown by the record. *Prima facie*, they have not that right.

*Final decree reversed, and case remanded, with leave to amend bill.*