WILLIAM A. LAKE *vs.* BENJAMIN F. HASTINGS, use, &c.

A party cannot maintain an action in a court of law in his own name, unless he has the legal title in himself to the note sued on. 10 S. & M. 585; 11 Ib. 452; 13 Ib. 43, cited and confirmed.

When a party seeks his right in a court of justice, he must pursue it according to the forms and remedies provided by the laws of the land; for justice cannot be administered unless that is done.

In proceedings at law the court can only regard the legal title to the instrument sued on, and if that is not in the party who brings the suit, the action cannot be maintained.

A party can show a want of title to the instrument sued on under the plea of general issue. By that plea he only admits its execution, nothing more.

IN error from the circuit court of Warren county; Hon. George Coalter, judge.

The opinion of the court contains the facts.

*W. C. Smedes*, for appellant.

If authority were needed to show the plaintiff in an action cannot recover without showing the title in him to a note, *Beard* v. *Griffin*, 10 S. & M. 586 is an express affirmance of this principle. So is *Wiggle* v. *Thomason*, 11 S. & M. 452; so is *Dowell* v. *Brown*, 13 Ib. 43. See especially this last case, which fully concurs, by its reasoning and the principles established in it, with the case at bar.

It will not do to say that justice has been done; that the present judgment, if paid, would be a complete defence against any other suit. Precisely the same remark, and with equal truth, could have been made in each of the above cases, and in each case in which a party having the equitable title sues at law. To attain justice, the party must seek it in a lawful way. Settled rules and principles of law must not be disregarded, merely because it may happen in this particular case that justice may be reached.

But we are not without express authority on this very point, running on all fours with this very case. It is that of *Bowie, use of Ladd* v. *Duvall*, 1 Gill & Johns. 175, where the court held that a special assignment or indorsement vested the whole legal title in the indorsee; who could not use the name of the payee in a suit for his use, because the payee, having transferred his interest, could have no competency to maintain an action.

The same principle is clearly affirmed and maintained in *Olcott* v. *Rathbone*, 5 Wend. 494, where the court held that the plaintiff must have the legal title. He need not be a party in interest; but he must be a holder or assignee: he must have the possession in his own right of the note sued on; his custody as cashier of the bank to whom it belonged would not do. This case is cited by the court with approval in *Dowell* v. *Brown*, 13 S. & M. 43, and the opinion based in part on it.

But it is said these cases are overruled by later cases in New York, and that in an action on a promissory note, the defendant cannot set up a want of ownership in the plaintiff; that a stranger, having no interest in the note, may recover on it; and it does not lie in the defendant to question his right. Admit the principle and the authority of these decisions to the fullest

extent, and they, when examined, only confirm the view we take. What do they hold? Simply that the plaintiff need not be the actual owner; need not have the beneficial interest. But do they or any one of them once hint he must not have the legal title? The legal title, or right to sue, in other words, is one thing; the true ownership another; they may, and often do exist in different persons. A careful examination of the New York cases will show this distinction running through them all.

That court never has been guilty of the legal solecism of saying that a party having no title in the note sued on, could recover on it; though they have said that if he have the title he may recover, even though he have no interest. Let us look into these New York cases.

*Guernsey* v. *Burns*, 25 Wend. 411, is cited. It was not an action on a note at all; it was upon the mere money counts, and an attempt to introduce in proof a note payable to bearer. The court held, and properly, the legal title was in the bearer, and entitled the plaintiff to recover, though the beneficial interest was in the bank.

*Gage* v. *Kendall*, 15 Wend. 640, was also the case of a note payable to bearer; the legal title was in plaintiff. The remarks of the court must be confined to the case before it, and analogous cases. The court never dreamed of saying that anybody without a legal title could recover.

*Waggoner* v. *Colvin*, 11 Wend. 27, held a plea to be good that the indorsee who was suing his indorser had indorsed away his right. That principle would be conclusive of this case. Nor is the additional remark thrown out by the court, that the replication that the suit was for the benefit of the assignee would be a good reply to the plea, any drawback from the weight of the the decision; because the facts are so briefly stated that its application is not apparent. The plaintiff may have retained the use and possession of the note for the express purpose of bringing the suit; and being in his possession would be sufficient proof of title, where indorsed in blank.

*Maurice* v. *Lamb*, 7 Cow. 174, is also the case of a note payable to bearer; and so of course he has the legal title, and may sue, even though he be not the owner.

*Banks* v. *Elston*, 15 Martin, 291, only decides that the holder of a note for collection may sue in his own name, if indorsed in blank to him, a doctrine perfectly consistent with the view we take.

*Lovell* v. *Everston*, 11 Johns. Rep. 52, maintains the same thing; the legal title is in the indorsee by indorsement. So *Conroy* v. *Warren*, 3 John. Ca. 259, anybody having the possession of a note indorsed in blank, may sue on it. ·

Now in the case at bar, Hastings has specially assigned his interest in the note to Reading and Peck, and has never in any way had the possession of it, or had it re-assigned to him, so as to re-clothe him with the legal title.

The legal title is either an entity or a nonentity. If the former, it cannot at the same precise moment be in two different persons at the same time. At the time of this trial, Pierson was the holder of the note; it was in his possession, to whom it had been indorsed. It was not in Hastings' possession; it was never indorsed to him, and he had indorsed his right away from him. Pierson, holding the legal title, should have been the plaintiff; and by no sort of legerdemain can the title be placed in Hastings, except by his being restored to the possession of the note. Then his right would be perfect to sue, and Pierson's gone. *Smith* v. *Runnells*, Walker's Rep. 144, is full on this point. As to ownership, see *Netterville* v. *Stephens*, 2 How. 64; 7 Ib. 347.

*F. Anderson*, on the same side.

It is a settled rule, in order to sue in a court of law the party must have a legal interest. 1 Chitty on Plead.

In this case, Hastings, by special indorsement, transferred his interest to Reading and Peck. Now it is clear that Hastings has no interest in it, unless his indorsement can be got clear of. It is insisted that it may be struck out at the trial, and if that may be done, that it may be considered as actually struck out. If it is not struck out at the time of trial the defendant must have a verdict, for the record shows that the plaintiff had no interest; for legal interest must exist where suit is brought. *Dowell* v. *Brown*, 13 S. & M. 43.

42 *

Under the general issue, the title or right of the plaintiff to maintain his suit is on issue. 6 S. & M. 13.

At law the plaintiff must show a legal title to the instrument sued on, else he cannot recover. *Beard* v. *Griffin*, 10 S. & M. 586.

An indorsement in full passes the whole interest, and is a legal transfer of the instrument. Chitty on Bills, 257, 258.

The point in this case is fully decided in the case of *Bowie, use, &c.* v. *Duvall*, 1 Gill & Johns. 175.

*G. L. Potter*, for appellant.

The question in this case is, Can the court be compelled to set the judgment aside? We say not. According to the testimony, the note was indorsed in blank and passed into the hands of Pierson. Grant that he took the legal title. When suit was brought in the name of Hastings, that mere act was a virtual delivery of the note to him for the purposes of the suit.

In such cases, the main point with the courts is this: Will the recovery bar the action? Can the plaintiff acquit the defendant? If he can, such objections are generally disregarded.

A mere agent for collection may sue on such a note in his own name. *Little* v. *O'Brien*, 9 Mass. 403, 424.

The holder of negotiable paper may sue in the name of a person having no interest in it; and it is no defence to show that the suit is brought without the knowledge, assent, or authority of the nominal plaintiff. *Guernsey* v. *Burns*, 25 Wend. 411; *Gage* v. *Kendall*, 15 Wend. 640; *Waggoner* v. *Colvin*, 11 Wend. 27.

The holder may, even at the trial, fill up blank indorsements in what name he pleases, and defendant cannot object, if it be not to his prejudice. *Williams* v. *Matthews*, 3 Cow. 252.

The defendant cannot in such cases object to plaintiffs want of interest. *Maurice* v. *Lamb*, 7 Cow. 174; *Ogilvy* v. *Wallace*, 2 Hall, 533; *Serling* v. *Marietta Co.* 10 S. & R. 179; *Banks* v. *Ebstin*, 15 Martin, 291; *Hodge* v. *Comly*, 2 Miles, 286.

These authorities prove that defendant cannot enter into a question of title, where the suit is upon a note indorsed in blank, unless the suit be by a party acting *malâ fide*. In this

view of the case, the instructions asked for by Lake were immaterial.

*R. Barnett,* on the same side,

Cited *Wadlington* v. *Gray,* 7 S. & M. 522; 3 Ib. 614; 1 How. 315; 4 Ib. 222; Ib. 370; Ib. 431; 5 Ib. 14; 2 Ib. 642; Hutch. Code, p. 852, § 4; 3 S. & M. 321; 4 Rand. 266.

Mr. Justice YERGER delivered the opinion of the court.

In this case Hastings, as payee of a promissory note, brought suit for the use of John O. Pierson against William A. Lake. On the trial the note was offered in evidence, and it appeared that Hastings had indorsed it in full to Reading and Peck, who had indorsed it in blank. The defendant objected to it as evidence, but the note was read to the jury. The defendant then proved that Hastings had indorsed the note in full to Reading and Peck, and delivered it to them for value received; that they indorsed it in blank and delivered it to John O. Pierson, and that Pierson and Reading and Peck are entitled to the proceeds of the note, each being entitled to about one half. He also proved that Hastings had no interest whatever in the note, and claimed no ownership or control over it, and that it had never been in his possession since the delivery of it to Reading and Peck. A judgment was rendered against the defendant.

Can this suit be maintained in the name of Hastings? This court has repeatedly held, that no party in a court of law can maintain an action in his own name unless he has the legal title in himself. 10 S. & M. 585; 11 Ib. 452; 13 Ib. 43. Indeed, this seems to be a principle of universal recognition, in courts proceeding according to the course of the common law. The proof in this case shows that Hastings has no interest whatever in this note, either legal or equitable; but that the interest at law and in equity is in other parties, and that the legal title to the note is in John O. Pierson. Upon what ground can this court maintain their action? It is said that justice has been done between the parties, that Lake owes the money to Pierson, and that the judgment recovered in the name of Hastings will inure to his use. But it was well re-

marked by counsel in reply to this suggestion, that a party who seeks justice must pursue it according to the forms and remedies provided by law, otherwise interminable confusion might be produced in administering the law. But in fact, justice cannot be said to be administered unless the law of the land is enforced, for every man has a right to insist upon that in every suit in which his rights are involved; and unless this law is so enforced, injustice is done him. The very question before us, was before the supreme court of Maryland in the case of *Bowie, use of Ladd* v. *Duvall* 1 Gill & Johns. 175. The court there held, that where a bill of exchange was indorsed in full, all the legal interest was transferred to the indorsee, and having the legal interest, he alone was qualified to sue on the bill; that he could not use the name of the payee for his use, because the payee, having transferred his interest, was not competent to maintain the action. We believe this to be the true rule of law, and think it was not competent, in the case before us, for Pierson to sue in the name of Hastings. It is true, if the note had regularly come back into the hands of Hastings in the course of commercial dealing, he might have struck out the indorsements and sued in his own name as holder of the paper. 1 Gill & Johns. 175; 3 Wheaton, 183. But such was not the case. On the contrary, the note never came back to the hands of Hastings for any purpose, nor did he ever after indorsing it to Reading and Peck have any interest or use in it. The action cannot, therefore, be maintained in his name. In a proceeding begun at law, this court can only regard the legal title; and if that is not in the party who brought the suit, the action cannot be maintained. We are also of opinion, that the defendant had a right to show that Hastings had no interest, and had not the legal title in him under the general issue. By pleading the general issue he only admitted, under our statutes, that he had executed the promissory note sued on, and that the plaintiff was payee, (in which character he sued,) but he did not thereby admit that he owed the money to the plaintiff, or that the legal title was in him when the suit was brought. Let the judgment be reversed, and the cause remanded.