JACOB KINGKENDALL et al. *vs.* PEARCE W. PERRY, Administrator.

The bond upon which suit was instituted, was declared on in the complaint as "payable to him (P.) as administrator as aforesaid, by the name of P. W. P. or order," but it read on oyer "payable to P. W. P. administrator, etc. of S. P., deceased, or order." *Held*, that the variance was not sufficient to sustain the demurrer.

IN error from the circuit court of Panola county; Hon. Hugh R. Miller, judge.

This was an action instituted in the circuit court of Panola county, by Pearce W. Perry, administrator *de bonis non* of the goods, chattels, rights, and credits which were of Simon Perry, deceased, against Jacob Kingkendall, James H. Dyson, and John Rayburn, to recover the amount (less credits) due on a writing obligatory, in these words:

Kingkendall et al. *v.* Perry.

"Oct. 7th, 1850.

"$786. Twelve months after date we or either of us promise to pay P. W. Perry, administrator of Simon Perry, deceased, or order, seven hundred and eighty-six dollars for value received.

|  |  |
|---|---|
| JACOB <sup></sup> KINGKENDALL, | [seal.] |
| JAMES H. DYSON, | [seal.] |
| JOHN RAYBURN." | [seal.] |

his
JACOB ⋈ KINGKENDALL,   [seal.]
mark.
JAMES H. DYSON,            [seal.]
JOHN RAYBURN."            [seal.]

The complaint describes this: "That on the 7th October, 1850, at Panola county aforesaid, executed to plaintiff as administrator as aforesaid," (that is, "as *Pierce* W. Perry, administrator DE BONIS NON of the goods and chattels, &c., of Simon Perry,") "their writing obligatory sealed with their seals, and now to the court here shown, whereby they promised and bound themselves to pay to plaintiff as *administrator as aforesaid*, by name of P. W. Perry or order, the sum of $786," &c.

At the return term defendants appeared and prayed oyer of the writing obligatory, which was granted, and the bond set out. The defendant then demurred, and the demurrer was overruled by the court.

*Adams* and *Dixon*, for appellants, contended that the demurrer ought not to have been overruled, and cited 2 Tidd's Prac. 931, 932.

*D. C. Glenn*, for appellee, in reply, contended, the decision of the court below in sustaining the demurrer was correct, and cited Act Leg. 1850, § 11.

Mr. Justice YERGER delivered the opinion of the court.

This was an action of debt upon a bond. The defendants craved oyer, and demurred because of a variance between the bond described in the declaration and that set out on oyer. The variance is said to consist in this, to wit: The plaintiff sues as administrator *de bonis non,* &c., of Simon Perry, deceased, and avers that the defendants executed their bond "payable to him as administrator *as aforesaid*, by name of P. W. Perry or

order;" whereas the bond read on oyer is payable "to P. W. Perry, administrator of Simon Perry, deceased, or order."

As the declaration does not pretend to set out the bond "*in hæc verba*," but only according to its tenor and effect, it might be questioned whether, even by the strict technical rules of common law pleading, the demurrer could be sustained. But when it is recollected, that this suit was instituted since the act of March 9th, 1850, went into effect, and in accordance with its provisions, we cannot sustain the demurrer unless we disregard the plain requisitions of the 7th, 11th, and 15th sections of that statute.

The judgment of the court below must be affirmed.