JAMES P. HAYNES *vs.* WILLIAM EZELL, use of J. WALKER.

The statute of jeofails is very broad, but it cannot be extended to a case where the declaration shows on its face, that the right of action in the instrument sued on is not in the party suing. *Held,* that the judgment is erroneous.

IN error from the circuit court of Lowndes county; Hon. F. M. Rogers, judge.

On the 28th of June, 1851, Ezell, for the use of Walker, sued out a writ in Lowndes, and on the 2d of July another, to Noxubee, from Lowndes, in the same case, as a branch writ, and indorsed as such. The writ to Lowndes purports to be executed on the 26th of June, 1851, on Conner.

The cause of action as indorsed on the writ is, that "the action is founded on a promissory note indorsed by defendants to plaintiff," and is copied as on a note to this effect, namely:—

"January 1, 1849.
"One day after date I promise to pay William Ezell, or order, two hundred and twenty-one 22-100 dollars, for value received.

(Signed)     J. W. ELDRIDGE."

The declaration is in the name of Ezell for the use of Walker, and alleges that Eldridge, the maker, had been sued to insolvency; describes the face of the note, and as payable to Ezell or order; then avers, that Ezell transferred it, by delivery, to the defendant in the suit, James P. Haynes, "who thereby, then and there, became the owner thereof;" that Haynes transferred the same, "by writing on the back," to said Conner, (the other defendant in the suit,) and that Conner transferred said note, "in writing," to Josephus Walker, the usee, whereby Conner "guaranteed" the payment of said note to Walker, and delivered it to him.

On the 23d of September, 1851, a joint general judgment was entered, by default, against Haynes and Conner, whereby

it was considered by the court, that the plaintiff recover of the defendants the sum of two hundred and sixty dollars and sixty-two cents, his damages sustained by reason of the non-performance of the promise and assumption in the declaration mentioned, &c., when Haynes prayed this writ of error.

*James T. Harrison,* for appellant.

1. The proceedings do not authorize or support the judgment. The liability, if any, is separate, and not joint.

2. The damages are excessive, and are not warranted by the face of the papers. The judgment is for too much.

3. The papers affirmatively show, that plaintiff has no cause of action at all, and that no perfection in the pleadings can give him a legal cause of action. There is a total absence of a cause of action, and the statute of jeofails cannot supply one. *Winston* v. *Miller,* 12 S. & M. 554.

4. The declaration shows, that no judgment could be rendered, and that it was utterly impossible for such a suit to be maintained. The payee of a promissory note, payable to himself or order, brings suit in his own name, as having the legal title, for the use of a remote indorsee, against two intermediate indorsees.

5. The declaration avers, however, that the title passed out, by delivery, from the payee, and that Haynes thereby became the owner; that he indorsed it to Conner; and that Conner, in writing, transferred and guaranteed the same to Walker, the usee; how, then, can any such action be supported in the name of Ezell for the use of Walker, or against Haynes as indorsee, or Conner as guarantor? The declaration shows no legal liability on the part of either defendant. There was neither demand nor notice.

6. If Conner is liable at all, it is upon his guaranty directly to Walker himself; and Haynes cannot be liable as indorser, without showing the legal title out of Ezell.

7. The writ was issued to Lowndes on the 28th day of June, and professes to have been executed on the 26th of June.

8. A branch writ could not have been issued in such a case, and the jurisdiction of the person was illegally acquired.

Hutch. & How, Dig. 578, § 7.  Joint causes of action.  Ib. 630, § 6.  Applies to drawers and indorsers.

*J. Harrison* and *Matthews*, for appellee, filed no brief in the case.

Mr. Justice YERGER delivered the opinion of the court.

A judgment by default was rendered in this case against the plaintiff in error.

The declaration states, that J. W. Eldridge made his promissory note, payable to Ezell; that Ezell transferred the note by delivery to Haynes, who transferred the same by indorsement to Conner, who afterwards transferred the same by writing to Walker, the usee, and that Conner guaranteed the payment of the note to Walker.  Conner and Haynes are both sued.

This declaration is manifestly defective, and we do not think, that even by the statute of jeofails, the judgment by default can be sustained.

The case presents the curious anomaly of a suit in the name of the payee of a note, against subsequent holders, for the purpose of making them liable upon a contract of guaranty made to another and a different person.  The declaration shows on its face, that Ezell has no right or title, by virtue of which he could maintain this suit.  It is true he is the payee of the note, and did not indorse it; and in a suit against the maker, the holder of it would have had to use his name to recover.  But this is not a suit on the note or against the maker, but against two parties who were at one time holders of it, and is brought upon a subsequent contract of guaranty made by them, not to or with Ezell, but to and with Walker. Although the statute of jeofails is very broad, we cannot extend it to a case, where the declaration shows on its face, that the right of action is not in the party suing, but in another.

Judgment reversed, and cause remanded.