## J. J. BECK ET AL. v. D. E. ROSSER, USE, ETC.

CHOSE IN ACTION. *Assignment.* *Suit at law.* *Statute of jeofails.*

One who has, in writing, assigned an account cannot, in a court of law, maintain an action thereon in his own name, though the suit be brought for the use of the assignee ; and a judgment by default in such a case is not cured by the statute of jeofails, code 1880, § 1727. *Lake* v. *Hastings*, 24 Miss. 490 ; *Haynes* v. *Ezell*, 25 Miss. 242, cited.

FROM the circuit court of Bolivar county.

HON. GEO. WINSTON, Judge.

This action was begun by attachment by D. E. Rosser, for the use of John Rosser, against J. J. Beck. Certain cotton was levied upon by the writ of attachment which was released to the defendant, upon his giving bond to have the same forthcoming to abide the judgment of the court. Plaintiff, " D. E. Rosser for the use and benefit of said John Rosser," filed a declaration in the case, and attached to the same was an open account upon which the suit was based. This account was in favor of D. E. Rosser against the defendant, Beck. Indorsed thereon in writing was an assignment of the same to John Rosser. This indorsement was subscribed by said D. E. Rosser, and was dated prior to the institution of this suit. Defendant failed to appear, and judgment by default was taken against him and the sureties on his bond, from which judgment this appeal is prosecuted. John Rosser was not a party to the suit, and had no connection with it, except as usee ; nor does it appear that D. E. Rosser acted as his agent in the prosecution of the suit.

*Calhoon & Green,* for appellants.

The record shows that the account sued on had been assigned to John Rosser, and he should have been the plaintiff, responsible for costs. The transfer being in writing, he could have sued in his own name. Code 1880, § 1507. D. E. Rosser had no right to bring the suit as agent or otherwise.

*Julius A. Robinson,* on the same side.

*Moore & Jones* and *Miller, Smith & Hirsh,* for appellee.
No brief on file.

CAMPBELL, J., delivered the opinion of the court.

This action is not maintainable in the name of " D. E. Rosser for the use of John Rosser," because the legal title of the chose in action sued on was in the latter. *Lake* v. *Hastings,* 24 Miss. 490.

The judgment by default did not cure the fatal defect mentioned. *Haynes* v. *Ezell,* 25 Miss. 242, decided under a statute somewhat broader than that now in force.

It is regrettable that a circumstance so trivial in the view of common sense should operate to reverse the judgment, but so the law is written, and so long as the distinction between courts of law and courts of chancery and legal and equitable rights is maintained, such incongruities will continue to mar the administration of justice.

*Reversed and remanded.*