### E. B. NIXON ET AL. v. P. A. DILLARD ET AL.

1. CHOSE IN ACTION. *Pleading. Parties. Plaintiff without title.*

    One who has not the legal title to a chose in action cannot maintain
    a suit in his own name for the use of the holder of the legal title.
    *Beck* v. *Rosser*, 68 Miss., 72, cited.

2. SAME. *Contract of novation.*

    Where the plaintiff has sued for the use of another, setting up in
    his declaration a contract of novation between all the parties,
    whereby the defendant, who was indebted to him, agreed to pay
    what he owed plaintiff to the usee, to whom plaintiff was in-
    debted, and the usee released plaintiff and agreed to accept the
    promise of the defendant, plaintiff fails to allege any right, legal
    or equitable, to the cause of action.

3. SAME. *Evidence.*

    When the evidence shows that the defendant was never indebted to
    the plaintiff, who sues for the use of another, but had agreed to
    buy certain machinery owned by plaintiff and mortgaged to the
    usee to secure a debt of plaintiff, and that it was agreed between
    all the parties that the plaintiff should sell the machinery to the
    defendant, who was to pay the price to the usee, who, in consid-
    eration of defendant's promise, discharged his claim against the
    plaintiff, the defendant came under no obligation to plaintiff and
    plaintiff was without right to maintain the action.

FROM the circuit court of Pontotoc county.

HON. NEWNAN CAYCE, Judge.

In June, 1892, E. B. Nixon filed his declaration *in assumpsit*
against Dillard & Johnson, to which defendants pleaded *non
assumpsit*. At the July, 1893, term of the court plaintiff
obtained leave of the court to amend his declaration, the order
of the court being as follows: "This day came the plaintiff
by attorney, and thereupon leave is granted him to amend his
declaration by inserting, 'Who sues for the use of Clark, Hood
& Co.' " No amendment having been made in the meantime, at

the July, 1895, term of the court, leave was granted to "the plaintiff" to further amend "his" declaration, and an amendment was thereupon filed, which beginning with the words: "And the said usees, Clark, Hood & Co., by leave of the court, first had and obtained, would state and show as follows," sets out an indebtedness of the defendants to them, Clark, Hood & Co., for which "plaintiffs" demanded judgment. The defendants demurred to the amended declaration, and their demurrer having been overruled, they pleaded, by leave of court, *non assumpsit* and the bar of the three years' statute of limitations. The "plaintiffs" demurred to the plea of the statute of limitations, and their demurrer, like that of defendants to the amended declaration, and defendants' pleas of *non assumpsit* and the statute of limitations, is under the caption "*E. B. Nixon, use of Clark, Hood & Co.* v. *P. A. Dillard and W. F. Johnson.*" The verdict and judgment were for the "plaintiffs," the latter being under the caption "*E. B. Nixon et al.* v. *P. A. Dillard and W. F. Johnson*, and awards a recovery of the amount claimed to "plaintiffs, Clark, Hood & Co."

A motion for a new trial was made by the defendants, and sustained, "plaintiffs" excepting. Defendants, by leave of court, again pleaded the three years' statute of limitations, and plaintiffs refusing to demur or reply to the plea, the court gave judgment final for defendants. From that judgment this appeal was prosecuted. The "plaintiffs'" bill of exceptions to the action of the court in setting aside the verdict and judgment thereon, and granting a new trial, is under the caption "*E. B. Nixon and Clark, Hood & Co.* v. *Dillard & Johnson*," and the depositions incorporated therein are under the caption "*Clark, Hood & Co.* v. *Dillard & Johnson.*" The "plaintiffs'" special bill of exceptions to the action of the court in permitting the plea of the statute of limitations to be refiled, is under the caption "*Clark, Hood & Co.* v. *Dillard & Johnson.*" The motion of defendants for a new trial, and the order granting the same, are both under the caption "*E. B. Nixon et al.* v.

*Dillard & Johnson,*'' the latter showing that the '' plaintiffs '' excepted and tendered '' their '' bill of exceptions. The appeal was prosecuted by E. B. Nixon and Clark, Hood & Co. The evidence is stated substantially in the opinion of the court.

*Blair & Anderson,* for appellants.

The most important assignment of error is that the court erred in granting a new trial. Counsel for appellee, in his argument on the motion for a new trial, relied upon the alleged error of the court in allowing the amendment setting up the novation. Section 717 of the code of 1892 provides full power to allow all amendments so as to bring the merits of the controversy fairly to trial, and to allow all errors and mistakes in the name of any party to be corrected. There is no limitation as to new parties. These may be changed *ad libitum* so as to bring the merits of the controversy fairly to trial. *Kohlman* v. *Bank,* 71 Miss., 843; *Mitchell* v. *McDavit,* 70 Miss., 608; *Shannon* v. *Rester,* 69 Miss., 238; *Tully* v. *Herring,* 44 Miss., 627; *Montague* v. *King,* 37 Miss., 441; *Noble* v. *Terrel,* 64 Miss., 830; *Duff* v. *Snider,* 54 Miss., 245; 43 Miss., 189; *Hubler* v. *Pullen,* 68 Am. Dec., 620, and notes; *Price* v. *Wiley,* 70 Am. Dec., 323.

The amendment is a new count in the declaration, in the name of Clark, Hood & Co., but against the same defendants, referring to the same subject-matter. The merits of the controversy in both are the same. It was so far a new suit as to require it to be pleaded to, but does not constitute a new suit; therefore, the statute of limitations did not run to the date of the amendment. *Field* v. *Wier,* 28 Miss., 65; *Parisot* v. *Helm,* 52 Miss., 622; *Shaw* v. *Brown,* 42 Miss., 309. No question of legal title was involved in the case. There might have been a contest of that sort, but you scan the record in vain to find any indication of it.

*J. D. Fontaine,* for appellees.

There was no error in sustaining appellees' motion to set

aside the verdict of the jury and granting them a new trial. Courts of law can only take cognizance of legal titles. The legal right in plaintiff to the matter in dispute is the necessary foundation of every action at law. *Wilson* v. *McElroy*, 2 Smed. & M., 241; *Beard* v. *Griffin*, 10 Smed. & M., 586; *Newell* v. *Fisher*, 2 Cush., 392; *Dowell* v. *Brown*, 13 Smed. & M., 43; *Eckford* v. *Hogan*, 44 Miss., 398. And plaintiff must have legal title at the commencement of the suit. *Eckford* v. *Hogan, supra; Dowell* v. *Brown, supra.*

This suit was brought by Nixon; the declaration asserts legal title to the claim sued on in him. The second amended declaration sets forth a novation of the debt before the institution of the suit, and all the evidence of plaintiff establishes this fact, which placed the legal title in Clark, Hood & Co. before the institution of this suit, and suit could only have been brought in their name. *Adams* v. *Power*, 48 Miss., 450. The first amended declaration did not make Clark, Hood & Co. parties to the suit, nor was the action maintainable in the name of Nixon, because the legal title was in Clark, Hood & Co. *Beck* v. *Rosser*, 68 Miss., 72.

COOPER, C. J., delivered the opinion of the court.

While under our laws amendments to the pleadings are liberally allowed, the insuperable obstacle to the appellants' success is that, throughout the proceedings in the court below, they pleaded in reference to a right of action the legal title to which was in Nixon, and proved one the legal title to which was in Clark, Hood & Co. The original declaration was by Nixon, setting up a right of recovery in himself; it was the ordinary count for goods sold and delivered by the plaintiff to the defendant. The amended declaration was in the name of Nixon, for the use of Clark, Hood & Co., and it set up a right of action in Clark, Hood & Co., arising from a contract of novation, by which, by agreement of all the parties, Dillard & Johnson, who were indebted to Nixon, agreed to pay what they owed

him to Clark, Hood & Co., to whom Nixon was indebted, and Clark, Hood & Co. released Nixon and agreed to accept the promise of Dillard & Johnson. When this contract was made, Nixon disappeared from the scene, and no longer had any right, legal or equitable, to the cause of action; that was vested in Clark, Hood & Co., who should have sued upon it in their own name. But the evidence did not correspond with the pleadings as amended, for it showed that Dillard & Johnson had never at any time been indebted to Nixon. They agreed to buy certain machinery owned by Nixon, on which Clark, Hood & Co. had a mortgage, to secure a debt due to them by him, and it was agreed between all the parties that Nixon should sell the machinery to Dillard & Johnson, who were to pay the purchase money to Clark, Hood & Co., and, in consideration of their promise, Clark, Hood & Co. discharged their claim against Nixon. So that, by the very terms of their original contract, Dillard & Johnson promised Clark, Hood & Co. to pay them the money; they made no promise, and came under no obligation whatever to Nixon. Whether, therefore, the facts were as stated in the declaration, or as proved, the legal relation between Nixon and all the other parties was terminated. Clark on Contracts, p. 614, note 19.

One who has not the legal title to a chose in action cannot maintain a suit in his own name for the use of the holder of the legal title. *Beck* v. *Rosser*, 68 Miss., 72.

*The judgment is affirmed.*

WHITFIELD, J., dissenting.

The opinion of the court not only stands isolatedly upon the most barren of technicalities, but mistakes the record. The suit was originally in the name of Nixon alone. At the July term, 1893, leave was granted plaintiff to amend his declaration by suing in the name of E. B. Nixon "for the use of Clark, Hood & Co." But this leave was not acted on, and no amended declaration, conforming to this leave, was filed. At the June term, 1895 (some two years later), an amended dec-

laration was filed, not in conformity with the leave obtained
two years before, by E. B. Nixon, as nominal plaintiff, for the
use of Clark, Hood & Co., but making Clark, Hood & Co.,
manifestly, the plaintiffs.    This declaration recites that ''said
usees, Clark, Hood & Co., by leave of the court first had and
obtained, would show to the court as follows.''    It then pro-
ceeds to state the facts of the case, whereby the defendants
became liable to pay not Nixon, but Clark, Hood & Co., and
concludes with this prayer for judgment: ''Whereby, and in
consideration thereof, the said defendants became bound and
liable to pay said sum to '' — whom ?   E. B. Nixon, for the
use of Clark, Hood & Co.?    Not at all; but ''to the said
Clark, Hood & Co., whereupon the plaintiffs [in the plural—
Clark, Hood & Co., not Nixon] sue and demand judgment,''
etc.    Nowhere in this declaration is it stated that ''E. B.
Nixon sues for the use of Clark, Hood & Co.''    There is no
statement that the debt was due to ''Nixon, for the use of
Clark, Hood & Co.,'' and no such prayer for judgment.    Nix-
on's name appears nowhere in the declaration, except in the
statement of the facts out of which the cause of action arose.
The word ''usees,'' standing thus unsupported, surely ought
not to overcome the plain allegations whereby Clark, Hood &
Co. sue for that firm.    It amounts to nothing that the pleas
are captioned *''Nixon, for the use of Clark, Hood & Co.''*
The caption of a plea does not determine the character in which
a plaintiff sues.    Besides, if such an inconclusive thing as the
caption of a plea is to be looked to, it is more than counter-
balanced by the facts that the case is captioned in the special
bill of exceptions, *''Clark, Hood & Co.* v. *Dillard & John-
son;* '' the depositions are captioned, *''Clark, Hood & Co.* v.
*Dillard & Johnson;* '' the verdict of the jury recites that they
found ''for the plaintiffs, Clark, Hood & Co.;'' and the judg-
ment of the court is that ''Clark, Hood & Co., plaintiffs, do
have and recover,'' etc.—all which things clearly indicate that,

practically and substantially, the case was treated as one wherein Clark, Hood & Co. was the plaintiff firm.

Now, if the opinion of the majority of the court is to stand, then Clark, Hood & Co. are now barred and remediless, and yet it is as clear as noonday that the very justice and right of the case is with Clark, Hood & Co., and to hold otherwise is to sacrifice justice and right, not to a declaration drawn with technical accuracy even—in the name of Nixon, for the use of Clark, Hood & Co.—but to a single word "usees," which is thus vitalized into a potency outweighing the plain allegations of the declaration, the manifest course of the trial below and the right and truth of the case. "Usees" in this declaration standing alone, isolated from all the words good technical pleading made necessary, in order to constitute this a suit by Nixon, for the use of Clark, Hood & Co.—"usees" alone accomplishes this complete defeat of justice, in this day of enlightened administration of substantial justice. I dissent emphatically from this judgment.

*Blair & Anderson* and *Brame & Alexander*, for the appellants,

Filed a suggestion of error, in which it was urged that the record showed that Clark, Hood & Co. were the real plaintiffs, and that defendants had interposed no objection to their being so treated in the court below. It was also contended that the variance commented on in the opinion of the court, was not material, inasmuch as the defendants were not misled to their prejudice. Citing, code 1892, § 718; *Carter* v. *Preston*, 51 Miss., 423; *Ware* v. *McQuillan*, 54 *Ib.*, 703; *Greer* v. *Bush*, 57 *Ib.*, 575; *Fulcord* v. *Hamberlin*, 4 Smed. & M., 649, 650; *Fairchild* v. *Bank*, 5 How., 597; *Stier* v. *Surget*, 10 Smed. & M., 154; *Kingkendall* v. *Perry*, 25 Miss., 228; *Newell* v. *Newell*, 34 *Ib.*, 385; *Coor* v. *Grace*, 10 Smed. & M., 434.

*Suggestion of error overruled.*