Cottrell v. Smith.*

(Division A.   April 18, 1927.   Suggestion of Error Overruled
May 9, 1927.)

[112 So. 465.   No. 26434.]

1. Limitation of Actions. *Amendment to action by assignee to include assignor creates no new cause of action for consideration in determining limitations (Hemingway's Code, section 496).*

   Under Code 1906, section 717 (Hemingway's Code, section 496), legal title to note assigned for nominal consideration is in assignee, with right to sue thereon in his own name, making it unnecessary to amend to make assignor party to bill of complaint, and amendment so made sets forth no new cause of action to be considered in determining whether cause of action was barred by statute of limitations.

2. Equity. *Parties. Suit at law on chose in action must be brought in name of legal owner, but in equity equitable owner may be joined.*

   In absence of a statute otherwise providing a suit in court of law on chose in action, legal title, to which is in one person and equitable title in other, must be brought in name of legal owner for use of equitable owner, but in court of equity equitable owner, if proper party, may be joined as such in his own right.

---

*Corpus Juris-Cyc References: Bills and Notes, 8CJ, p. 822, n. 88, 91; Equity, 21CJ, p. 311, n. 31; Limitation of Actions, 37CJ, p. 1067, n. 81.

Appeal from chancery court of Adams county.
Hon. R. W. Cutrer, Chancellor.

Suit by Edward T. Cottrell, for the use and benefit of the Mary Mac Plantation Company, against Archibald Smith. Judgment of dismissal, and complainant appeals. Reversed and remanded.

*Ratcliff & Ratcliff* and *L. T. Kennedy,* for appellant.

The amendment made in this case in no sense changed the cause of action or varied the subject-matter of the suit. It only made clearer the capacity in which complainant sued in accordance with the facts developed by the depositions taken. Cottrell, in whose name the suit was originally brought, had the legal title thereto, and we think he could unquestionably have maintained the suit in his own name; but inasmuch as it developed that the Mary Mac Plantation Company of Tennessee had a beneficial interest in the note sued on, or, if you please, was the equitable owner of the note, it was deemed proper that the pleadings should show fully the capacity in which he sued.

The greater weight of authority is to the effect that such an amendment does not create a new cause of action or change the *status* of the defendant in any manner whatsoever and the statute of limitation ceases to run at the date of the filing of the suit, which in this case, was brought long prior to any bar of the statute. Nor does an amendment which changes the name of the complainant or the capacity in which he sues constitute a new cause of action so that the statute of limitations could be plead against the note sued on when the bar of the statute had become complete in the interim between the filing of the original suit and the amendment. See 25 Cyc., page 1302 *et seq.,* and especially note No. 56 and authorities therein cited on page 1304; *Bowen* v. *Nat'l Life Ass'n,* 63 Conn. 460; *U. S. Ins. Co.* v. *Ludwig,* 108 Ill. 514; *Lilly* v. *Tabein,* 103 Mo. 477.

*Luther A. Whittington,* for appellee.

The bill of complaint having wholly failed to state a cause of action as originally filed in the chancery court, what effect on the running of the statute of limitations did the filing thereof have? We answer, None! *Cox v. Mortgage Co.,* 88 Miss. 88.

If the suit could be maintained at all, which is open to question, by Cottrell suing for the use, etc., then a suit which stated a cause of action was filed for the first time in the chancery court when the amendment was allowed and made; namely, on October 16, 1925, or after the bar of the statute of limitations had applied. The rule we invoke is laid down in 25 Cyc., page 1309. This court has followed the principle above laid down in *Cox v. Mortgage Co.,* 88 Miss. 88.

We contend that the original bill was fatally defective; that no judgment could have been rendered thereon validly; that not even a judgment would have cured the defect. The amendment alone gave vitality and life to the bill of complaint and for the first time stated a cause of action. Having been filed and made after the statute of six years had run, the plea of this statute was good and was properly sustained by the court.

We do not think that, aside from the statute of limitations, under the statute in Mississippi conferring power to sue upon assignees of choses in action or note, that the suit could be maintained even as amended, for all the facts developed conclusively show that Cottrell had no interest in the note whatsoever.

Argued orally by *E. H. Ratcliff,* for appellant, and *L. A. Whittington,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is a suit upon a promissory note executed by the appellant to the Mary Mac Plantation Company. It was

begun in the circuit court, and transferred therefrom to the court below. The suit is upon a purely legal demand, and why the cause was transferred to the court below is not apparent, and is not here material. The original bill was by the complainant, in his own name, without disclosing any beneficial interest in the note in the Mary Mac Plantation Company. The appellee, by answer and cross-bill, challenged the appellant's ownership of the note, and alleged that the real ownership thereof was in Kenneth Stevenson, president of the Mary Mac Plantation Company, and set forth a defense thereto against Stevenson. Before the cause came on for trial, Cottrell's deposition was taken, and it appeared therefrom that he had no beneficial interest in the note, but that it was assigned to him for a mere nominal consideration, and that he was to account to the Mary Mac Plantation Company therefor when collected. The assignment was not by an indorsement on the note, but was by a separate instrument, which reads as follows:

"That the Mary Mac Plantation Company of Tennessee, in consideration of the sum of one dollar and other good and valuable consideration to it in hand paid by Edward T. Cottrell of New York City, the receipt whereof is hereby acknowledged, has sold, assigned, transferred and set over, and hereby does sell, assign, transfer and set over, to the said Edward T. Cottrell, his executors, administrators and assigns, the promissory note of Archibald Smith to said Mary Mac Plantation Company of Tennessee, a copy of which is hereto annexed, together with any and all moneys due and to grow due thereon, hereby giving and granting to said Edward T. Cottrell full power and authority to collect, demand, receive, and give good and valid acquittances therefor as against it and its name or otherwise to sue therefor."

When this deposition came in, Cottrell, by leave of court, over the objection of the appellee, amended his bill of complaint by adding thereto, after the designation therein of Cottrell as the complainant, the words, "and

who sues for the use of Mary Mac Plantation Company of Tennessee, a Tennessee corporation." This amendment to the bill of complaint was made more than six years after the maturity of the note sued on. The appellee then pleaded the six-year statute of limitation, and a demurrer thereto, by the appellant, was overruled, and the bill was dismissed on the ground that the amendment set forth a new cause of action that was barred by the statute of limitations.

The legal title to the note was in Cottrell, and he had the right to sue thereon in his own name. Section 717, Code of 1906 (section 496, Hemingway's Code); *Jenkins* v. *Sherman,* 77 Miss. 884, 28 So. 726; Griffith's Miss. Chancery Prac., section 128, note 73; 8 C. J. 822. That he must account to the Mary Mac Plantation Company for the money collected by him at the end of the suit is of no concern to the appellee, and, as the appellant was not a purchaser for value, he holds the note subject to all the appellee's defenses thereto against the real owner. The Mary Mac Plantation was a proper, but not a necessary party to the bill of complaint (*Marble* v. *Whaley,* 33 Miss. 157); consequently the amendment need not have been made, and, when made, set forth no new cause of action.

The bill of complaint makes the note and the indorsements thereon an exhibit thereto, but the record does not disclose that the exhibit was filed, and, from the evidence, it appears that the note was not assigned by indorsement, but by a separate instrument. This assignment should have been made an exhibit to the bill, and it can still be so made, but it is clear that the case was not decided in the court below on the theory that the bill did not disclose the title to the note in Cottrell; and, had such an objection been there made it could have been obviated by making the assignment an exhibit to the bill.

In passing, it may not be amiss to say that the manner in which the Mary Mac Plantation Company was here

joined as a party complainant was not in accordance with the practice in a court of equity. In the absence of a statute otherwise providing, a suit in a court of law on a chose in action, the legal title to which is in one person and the equitable title in another, must be brought in the name of the legal owner for the use of the equitable owner; but such is not the practice in a court of equity, for the equitable owner, if a proper party in such a suit, may be joined as such in his own right. *Kitchins* v. *Harrall,* 54 Miss. 474.

*Reversed and remanded.*