**RALSTON PURINA COMPANY,**
Plaintiff,

v.

**COMO FEED AND MILLING COM-
PANY, Defendant,**

v.

**Jim BAKER et al., Garnishees.**

**No. D–C–21–60.**

United States District Court
N. D. Mississippi,
Delta Division.

June 19, 1962.

Rosenfield, Borod, Fones & Bogatin, Memphis, Tenn., and L. G. Fant, Jr., Holly Springs, Miss., for plaintiff.

McClure, Fant & McClure, Sardis, Miss., Johnson & Troutt, Senatobia, Miss., and Wilroy & Wilroy, Hernando, Miss., for defendant.

CLAYTON, District Judge.

On February 7, 1961, plaintiff, afterward called "Ralston", recovered a judgment in this court against defendant, afterward called "Como". On February 21, 1961, writs of garnishment were issued at the instance of Ralston to a number of garnishees and these writs were served shortly thereafter. On the return date of the writs of garnishment each of the garnishees, with whom we are here concerned, filed answer denying that

any indebtedness was owed to Como. In due time Ralston filed a contest of each garnishee's answer. The basis of each of these contests was an allegation to the effect that the garnishee was indebted to Como on an open account and a copy of the account was made an exhibit to the contest [1].

All facts necessary to a disposition of the issues now presented are stipulated. On March 16, 1959, Ralston obtained from Como a written assignment of all of the accounts exhibited with Ralston's contests as aforementioned. Each of the garnishees was given notice of this assignment when Ralston mailed them a form letter in July, 1959 [2]. These form letters also notified garnishees that all payments to Como on these accounts had to be made by joint check to Ralston and Como with the admonition that failure to do this "makes you liable twice". Before suit was filed in this court by Ralston against Como suit was instituted by Ralston against Como and most of these garnishees, in the Chancery Court of Tate County, Mississippi. That suit was dismissed without prejudice before the suit, which resulted in the aforementioned judgment, was filed in this court by Ralston against Como.

The garnishees have filed in this court a motion for summary judgment saying that, as a matter of law, the debts owed by the garnishees, at the time of the assignment, became owing to Ralston and ceased to be owing to Como and that, therefore, these garnishees were not indebted to Como on these accounts, within the meaning of garnishment, at the time of the service of the writs of garnishment and no contest to their answers to this effect can be maintained.

■■ On the exact factual situation, this seems to be a case of first impression. There is no question but that general law of almost universal application is that a valid assignment by the owner of an indebtedness to an assignee, who is not a party to the proceedings leading to the judgment upon which the writ of garnishment is issued, will defeat garnishment.

"Property and credits which have been validly transferred or assigned by defendant cannot subsequently be subjected to garnishment *as belonging to him*. This is a necessary consequence of the principles that garnishment will reach only such property as belongs to defendant, * * and that the garnishing creditor can acquire no greater rights than are possessed by his debtor * * *." 38 C.J.S. Garnishment § 77, pages 273–274. (Emphasis added.)

See also 4 Am.Jur. 318 and 5 Am.Jur. 68.

This rule is followed in Mississippi. In the case of Schoolfield v. Hirsh, 71 Miss. 55, 14 So. 528, the Supreme Court of Mississippi said:

"First, is the assignment of a judgment valid and effective to vest the title to it in the assignee, so as to defeat a garnishment of the judgment debtor by a creditor of the assignor, without notice to the garnishee of the assignment before the service of the garnishment? We have no hesitation to answer this in the affirmative, both on principle and authority."

To the same effect are the cases of Pigford Grocery Co. v. Wilder, 116 Miss. 233, 76 So. 745 and Byars' Garnishees v. Griffin, 31 Miss. 603.

■ The precise question for answer here is, "Does the fact that the assignee is also the judgment creditor who instituted the garnishment proceedings change the application of this general rule?" The answer must be that it does not and that the garnishment proceedings here must fail.

■ After the execution of this assignment, Como could not have sued these garnishees on these accounts. Lake v. Hastings, 24 Miss. 490 and Nixon v.

---

1. These accounts are accepted by the parties as valid for the purpose of disposition of the motion here presented.

2. The assignment document was also recorded in the Chancery Clerk's Office of Tate County, Mississippi.

Dillard and Johnson, 73 Miss. 803, 19 So. 959. There is no statute authorizing an assignor to sue after assignment. Cf. Murdock Acceptance Corporation v. Adcox, Miss., 138 So.2d 890.[3]

Section 1460, Mississippi Code 1942 authorizes the assignee to sue *in the name of the assignor* (or in the name of the assignee) and, the language of the assignment document here so provides.

If suit were filed in the name of Como on the accounts which are here the subject of garnishment, Como would be a nominal plaintiff only with no right to control the litigation and with no entitlement to the fruits of the suit.

These garnishees became indebted to Ralston on these accounts at the time of the assignment of them by Como to Ralston (and were so notified by Ralston) and hence the account debtors were not thereafter indebted to Como within the meaning of garnishment. To say it differently, legal title to the debt represented by the accounts was vested in Como before execution of the assignment, but legal title to the debts thereafter was vested in Ralston.

This view is strengthened by some of the language of the document used to effect the assignment. It deprives Como of any right to collect or sue as principal, but provides that Como may collect or sue only "as agent for Ralston". It expressly provides that any money coming into Como's hands by reason of the assigned accounts must be received and held "as property of the assignee" and not as Como's own property. To further reduce the risk inherent in such a situation, Ralston included in this document the following provision:

" * * * The assignor:

"9. Agrees that, immediately upon receipt of notice that the debtor on an account assigned under the terms of this instrument has been served with a writ of garnishment, it will notify the assignee of such service. * * * "

The obvious purpose of this provision was to enable Ralston to intervene in any garnishment proceeding, to exhibit there its prior assignment so as to intercept any payment which the garnishees might otherwise make to some other creditor of Como.

■ This assignment was clearly one for security purposes and, as it appears, the gross total of the face amounts of the accounts involved is substantially more than the gross amount of the judgment Ralston holds against Como. Assuming ultimate collection of all these accounts at face value by Ralston as assignee, then Ralston would be obliged to pay Como the net difference between the debt owed Ralston by Como and the amount thus collected [4].

But, the fact that this was an assignment for security purposes, and that if Ralston does collect more on these accounts than Como owes Ralston there will be due an accounting between these two parties, does not alter what has been said. We are not here concerned with the rights between Ralston and Como. We are concerned only with the situation between Ralston and these account-debtor garnishees. These garnishees are not concerned at all with the amount of the indebtedness secured by the assignment so long as the assignment is in effect. They are not now indebted to Como, but they are now legally answerable only to the holder of the legal title to the assigned accounts—Ralston. And, *Ralston cannot maintain garnishment against debtors who owe debts to Ralston.*

---

3. This was a suit by an assignor as plaintiff in replevin where the retained title note upon which the suit was based had been rubber stamp assigned as collateral for a bank loan. But, there was specific provision that the assignor would retain the assigned note in its possession and could sue thereon.

4. (This disregards the fact that the assignment was "security for the payment of all present or future indebtedness" of Como to Ralston, and assumes the judgment debt is the whole of the indebtedness owed by Como to Ralston.)

It was said in Hibernia Bank & Trust Co. v. Turner, 156 Miss. 842, 127 So. 291 that:

"The pledgee of property has control of it for the time being. He represents not only his own interest, but that of the pledgor, in taking the necessary action for its preservation and the collection and care of its proceeds. * * *"

The Mississippi Supreme Court in McLemore v. Hawkins, 46 Miss. 715, in speaking with respect to the rights and powers of an assignee for security, said:

"His power extends to the collection of the entire debt, to be applied first to liquidate his demand, and to hold the surplus to the use of the pledgor."

See also Fennell v. McGowan, 58 Miss. 261 and Dilworth v. Federal Reserve Bank, 170 Miss. 373, 150 So. 821, rev'd. on other grounds, 154 So. 535, 92 A.L.R. 1076.

In the case of Cottrell v. Smith, 146 Miss. 837, 112 So. 465, where one Smith executed a note to the Mary Mac Plantation Company who assigned it over to Cottrell for collection, Cottrell sued Smith on the note and when it became apparent that Smith would defend on the ground that Cottrell had no beneficial interest in the note and thus no right to sue, Cottrell amended by adding after his name the words "and who sues for the use of Mary Mac Plantation Company * * *".

This amendment was made more than six years after the due date of the note. The trial court dismissed the suit on the ground that the amendment set forth a new cause of action which was barred by the statute of limitations, but the Supreme Court said that the legal title to the note was in Cottrell, and he had the right to sue thereon in his own name; and, the fact that he must account to the Mary Mac Plantation Company for the money collected by him at the end of the suit was of no concern to the appellee (Smith). See also Jenkins v. Sherman, 77 Miss. 884, 28 So. 726.

Ralston, to maintain its position that these garnishees are still indebted to Como, has cited four cases, all of which, as this court views them, are distinguishable on their facts and not controlling here. In Anaconda Aluminum Company v. Sharp, Miss., 136 So.2d 585 (not yet reported in State Reports) the court was dealing with the problem of determining priorities between an assignment orally made and a later written assignment. Other matters, with which we are not concerned, were also dealt with in that case. In the case of American Life Insurance Co. v. Walker, 208 Miss. 1, 43 So. 2d 657, the court simply held that the trial court had a right to permit the plaintiff to reopen her case to allow plaintiff's husband (to whom the claim had been assigned) to waive his rights under the assignment. This was a procedural matter wherein the court approved what amounted to an informal reassignment, after suit by the assignor began. Crump v. Hill (5 Cir. 1939), 105 F.2d 124, 124 A.L.R. 165 simply said that the assignment of an account need not be recorded in order to be valid under the Mississippi business sign statute. In Inter-Southern Life Insurance Co. v. Humphrey, 122 Miss. 579, 84 So. 625, the question decided was that commissions due under an insurance agency contract could be assigned as security although the agency contract prohibited any assignment of such commissions. It was conceded that the assignee could sue, if the commissions were assignable. The court in the case of Morrison v. Gulf Oil Corporation, 189 Miss. 212, 196 So. 247 was dealing with a highly specialized situation which arose during the liquidation of a bank under the control and subject to the orders of the Chancery Court. While the bank was a going concern, shares in a corporation were assigned to it as security for a loan it made to the maker of a note to it. The note and the collateral were assigned to the Reconstruction Finance Corporation and, in accordance with a decree of the liquidating Chancery Court authorizing them so to do, suit was filed by the liqui-

dating committee of the bank, but for the use and benefit of Reconstruction Finance Corporation, and no issues were decided there which are either controlling or helpful here.

It follows from what has been said that the motion for summary judgment is well taken and will be sustained. The order may be prepared in accordance with this opinion and presented for entry. It should include proper provision for the dismissal of these garnishment proceedings against the garnishees who filed this motion.