**RALSTON PURINA COMPANY,**
Appellant,

v.

**COMO FEED & MILLING COMPANY**
et al., Appellees.

No. 20142.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1963.

Rehearing Denied Dec. 16, 1963.

L. G. Fant, Jr., Holly Springs, Miss., William H. D. Fones, Memphis, Tenn., Rosenfield, Borod, Fones & Bogatin, Memphis, Tenn., and Robert P. Crutcher, Holly Springs, Miss., of counsel, for Ralston Purina Co., appellant.

W. E. Wilroy, Hernando, Miss., Herbert M. Fant, James McClure, Sr., James McClure, Jr., Sardis, Miss., Roy E. Johnson, Senatobia, Miss., McClure, Fant & McClure, Sardis, Miss., Johnson & Troutt, Senatobia, Miss., Wilroy & Wilroy, Hernando, Miss., of counsel, for appellees.

Before HUTCHESON and GEWIN, Circuit Judges, and HOOPER, District Judge.

GEWIN, Circuit Judge.

On March 16, 1959, Como Feed & Milling Company, herein called Como, assigned its accounts receivable from various poultry men and farmers, to the appellant, herein called Ralston, as security for debts owed the appellant. The assignment provided inter alia:

"* * * Como Feed & Milling Co., Como, Miss., * * * hereby assigns and transfers to Ralston Purina Co., * * * the accounts receivable due and owing to Assignor which are set forth in a schedule attached hereto, together with all monies due and to become due thereon, *as security for the payment of all present or future indebtedness of Assignor to Assignee.* * * * the Assignor shall be entitled to collect, sue for and receipt for the payment of all monies due or to become due as above mentioned, as agent for, and on behalf of, the Assignee, and hereby agrees to do so with due diligence * * *." (Emphasis added)

Ralston recorded the assignment and gave notice of the same to each of the account debtors; thereafter brought suit against Como, and recovered a judgment for the amount of the debt due Ralston by Como. Writs of garnishment against each of the account debtors were issued at the request of Ralston.

Eight of the garnishees filed answers admitting small indebtednesses to Como; but the remaining 26 garnishees denied any indebtedness to Como. Ralston contested each of the answers, whereupon the garnishees answered further raising as a defense the above mentioned assignment. The trial court entered summary judgments for the garnishees, Ralston Purina Co. v. Como Feed & Milling Co. v. Baker, et als., Garnishees, D.C., 206 F.Supp. 188 (1962), holding:

"On the exact factual situation, this seems to be a case of first impression. There is no question but that general law of almost universal application is that a valid assignment by the owner of an indebtedness to

an assignee, *who is not a party to the proceedings leading to the judgment* upon which the writ of garnishment is issued, will defeat garnishment." (Emphasis added)

\* \* \* \* \*

"But, the fact that this was an assignment for security purposes, and that if Ralston does collect more on these accounts than Como owes Ralston there will be due an accounting between these two parties, does not alter what has been said. We are not here concerned with the rights between Ralston and Como. We are concerned only with the situation between Ralston and these account-debtor garnishees. These garnishees are not concerned at all with the amount of the indebtedness secured by the assignment so long as the assignment is in effect. They are not now indebted to Como, but they are now legally answerable only to the holder of the legal title to the assigned accounts—Ralston. And, Ralston cannot maintain garnishment against debtors who owe debts to Ralston."

\* \* \* \* \*

"After the execution of this assignment, Como could not have sued these garnishees on these accounts. Lake v. Hastings, 24 Miss. 490 and Nixon v. Dillard and Johnson, 73 Miss. 803, 19 So. 959. There is no statute authorizing an assignor to sue after assignment. Cf. Murdock Acceptance Corporation v. Adcox [245] Miss. [151], 138 So.2d 890."

█ At the outset, we must deal with the trial court's conclusion that the assignment vested absolute title to the accounts involved in the assignee, and deprived the assignor of all rights. The assignment in this case was by no means the result of a purchase and sale. It was simply given *as security* for a debt that Como owed Ralston. The total sum of the accounts assigned is substantially in excess of the judgment obtained by Ralston against Como. In Corbin on Contracts (1950), Vol. 4, at page 541 it is stated:

> "Assignments are frequently given as a collateral security only. In such case, the assignee's right against the obligor is conditional on nonperformance of the duty to which the assignment is collateral. When that duty has been fully performed, the claim assigned as security reverts to the assignor, so that payment to him is a good discharge of the obligor's debt and the money received by him is his to keep. As long as the debt has not been paid in full, the assignee for security may collect the assigned claim and apply the proceeds in satisfaction of the debt secured; the balance, if any, belongs to the assignor."

The Mississippi Supreme Court has recognized this rule in numerous cases. See Inter-Southern Life Ins. Co. v. Humphrey, 122 Miss. 579, 84 So. 625 (1920).

█ In this case, where the assignment was less than absolute, and where the assignor retained certain interests, the assignment is not a valid defense in garnishment proceedings. The garnishee is fully protected from double liability by § 2804, Mississippi Code 1942, which provides:

> "2804. Garnishee may compel interpleader.
>
> "When a garnishee, by his answer or by affidavit at any time before final judgment against him, or after such judgment if he had no such notice before the judgment was rendered, shall show that he has been notified that another person claims title to or an interest in the debt or property, which has been admitted by him, or found on a trial to be due or to be in his possession, the court shall suspend all further proceedings, and cause a summons to issue or publication to be made for the person so claiming to appear and contest with the plaintiff the right to such money, debt, or property. In such case, if the answer admit an indebt-

edness, and the garnishee pay the money into court, he shall thereupon be discharged from liability to either party for the sum so paid. And whenever such garnishee shall by said answer or affidavit show that he has been notified that another person claims title to or interest in such debt or property, it shall be lawful for such third person of his own motion to come in and claim the debt or property, and the claim shall be tried as other claimant's issues are tried whether summons or publication has been made to bring him in or not."

Similar situations have previously arisen in at least two Mississippi cases. In dealing with the question of whether or not a debt owed jointly to two or more parties could be garnished, the Mississippi Supreme Court stated in Fewell v. American Sur. Co., 80 Miss. 782, 28 So. 755 (1900):

"Section 2143 of our Code of 1892 [Section 2804 of the Miss. Code, 1942] provides that where the garnishee, before or after final judgment against him, shall show that another person claims title to or 'an interest in the debt' or property due from him or in his hands, the court shall suspend all further proceedings and summon such person, and provision is made for protecting his interests. This being done, it is impossible by the garnishment proceedings to prejudice the rights of such joint owner, or to put him in a worse attitude, and the possibility of doing this is the reason generally assigned against the proceeding by those courts which hold that a joint debt is not garnishable. * * *"

* * * * *

"We do not forget that garnishment, as it exists with us, is statutory, and is in the main, if not wholly, a legal proceeding. But it is remedial, and, in view of the many liberal provisions of our statutes as to procedure, we do not think there is occasion for confining the remedy within narrow and technical limits, or that there is danger of causing any injustice or embarrassment to third persons by holding that a joint debt may be garnished. It is easy to imagine cases in which it would be vitally important to proceed promptly by attachment and garnishment in order to subject a debt or personal property of the defendant, and the fact that another is jointly interested in the debt or property is not, in our opinion, ground for denying the remedy in such cases, and compelling a resort to a court of equity."

Although Fewell is not directly in point, because the garnishors were not joint creditors with the defendant, the case is some authority for the principle that where the debtor is fully protected by the interpleader statute, the remedy of garnishment will not be confined "within narrow and technical limits."

A case closer in point is Anaconda Alum. Co. v. Sharp, 243 Miss. 9, 136 So.2d 585 (1962). In Anaconda, after garnishment proceedings were filed, an intervenor filed a claim to the proceeds alleging that the defendant had assigned the account to him. The plaintiff then alleged that the defendant had verbally assigned the account to him prior to making the assignment to the intervenor. The intervenor objected to the plaintiff's testimony regarding the prior assignment on the ground of "election of remedies." The trial court overruled the objection and ruled in favor of the plaintiff. The Supreme Court did not discuss the precise problem presented here, but the judgment was affirmed. In effect, therefore, the Mississippi Supreme Court permitted the plaintiff-assignee to proceed with the garnishment.

We are compelled to disagree with the conclusion of the distinguished trial court that Como could not have sued the garnishees on the accounts after the execution of the assignment. The case of Nixon v. Dillard and Johnson, 73 Miss. 803, 19 So. 959, (the most recent one cited on the point) is not applicable for

the reason that the court was there considering a complete novation, in effect. The trial court further concluded that there is no statute authorizing the assignor to sue after assignment. The case of Murdock Acceptance Corporation v. Adcox, 245 Miss. 151, 138 So.2d 890, cites Code Section 1448, Miss. Code 1942, as authority for a contrary conclusion.[1] Murdock positively states:

"The appellant in our opinion had a right to prosecute the replevin actions in its own name, notwithstanding the fact that a stamped assignment of the conditional sale contract to Harris Trust and Savings Bank, its successors and assigns, appeared on the back of each of the contracts. The stamped assignment, we think, was sufficiently explained by the appellant's loan manager, William J. King, who testified that the stamped assignment to Harris Trust and Savings Bank was, as a matter of fact, purely as collateral security for a loan, that the assignments had been stamped on the back of each of the sale contracts to enable Murdock Acceptance Corporation to borrow money from Harris Trust and Savings Bank, and that Murdock Acceptance Corporation continued to exercise the right to receive payments on the contracts and to repossess the property in case of default in such payments.

"Section 1448, Code of 1942, provides that in case of a transfer or assignment of any interest in any chose in action before or after suit brought, the action may be begun, prosecuted and continued in the name of the original party, or the court may allow the person to whom the transfer or assignment of such interest has been made, upon his application therefor, to be substituted as a party plaintiff in said action."

The Murdock opinion cites with approval the following statement from 6 C.J.S. Assignments § 122, page 1170:

"* * * Further, the assignor may sue where he retains a beneficial interest in the chose in action assigned, as where the assignment is for security * * *." (citations omitted)

Murdock further cites with approval a Georgia case:

"State of Georgia v. Industrial Acceptance Corp., 37 Ga.App. 253(1), 139 S.E. 577 * * *. In Globe & Rutgers Fire Ins. Co. v. Jewell-Loudermilk Co., 36 Ga.App. 538(8), 137 S.E. 286, 287, it was held that 'An assignor of a chose in action, who has assigned the legal title thereto to another as security for a debt, has such an interest therein that he may maintain a suit thereon in his own name. * * *'"

It appears that two controlling considerations were in the mind of the trial court. First, the conception that:

"* * * general law of almost universal application is that a valid assignment by the owner of an indebtedness to an assignee, *who is not a party to the proceedings leading to the judgment* upon which the writ of garnishment had issued will defeat garnishment." (Emphasis added)

The quoted statement is not applicable, because both the assignor and the assignee were parties to the proceedings leading to the judgment. Secondly, the trial court was firmly convinced, erroneously in our judgment, that the assignor in the case under consideration had no such interest in the accounts as would permit suit by the assignor. Murdock is to the contrary.

█ The law was not designed to defeat justice and to entangle litigants in such a maze of technical complexities as would result in the destruction of all

---

1. The trial court undertakes to distinguish the Murdock case from the case at bar. See Note 3 of that opinion. We do not agree with the distinction attempted.

remedies. In the case at bar, Ralston has a valid judgment. If the garnishees are indebted to Como, they should be required to answer the garnishment; and the mere fact that Como assigned the accounts to secure the payment of a debt should not serve to defeat valid garnishment proceedings, calculated to collect the debt, solely for the technical reason that Ralston owns the judgment and an interest in the accounts.

The judgment is reversed and the case is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.