EASTERN DIST.
*January*, 1840.

M'KINNEY
*vs.*
BEESON'S
ESTATE.

---

M'KINNEY *vs.* BEESON'S ESTATE.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

A simple denial of the plaintiff's right to sue as the holder of a negotiable instrument, cannot authorize the maker to contest his title to it, when he holds by a blank endorsement, unless it has been lost or stolen.

In a suit against the maker of a note, it is no ground of defence that it was improperly transferred by the curator of an estate, to which it belonged, to the holder, when it is endorsed in blank.

EASTERN DIST.

January, 1840.

M'KINNEY
vs.
BEESON'S
ESTATE.

This is an action against the maker of a promissory note, made payable to the order of, and endorsed in blank, by Messrs. Sloo & Byrne, and also by W. W. Stewart. The maker of the note, Amos Beeson, having died, suit was instituted against his widow, as partner in the community, and tutor to the minor children, and as representing the estate of the deceased.

The attorney and agent of the widow Beeson, pleaded a general denial, and denied specially, that the note was ever transferred to the plaintiff by any one authorized to do so, or that he gave any consideration therefor; and avers, that he is not the *bona fide* holder or owner of the note. The defendant further avers that said note was given in part payment of a lot of ground, purchased at the sale of L'Hommedieu's succession. That said succession is administered by W. W. Stewart and one Rawson, as curators, who are still in office; that Stewart had no authority to endorse and transfer said note, which was done after it was over-due, and had been put into the hands of the plaintiff's brother as attorney, for the liquidation and settlement of L'Hommedieu's estate, to which it properly belongs; and that the plaintiff took it with a knowledge of these circumstances.

Under these pleadings and issues the cause was tried.

It was in proof, that the note was given in part payment of a lot purchased at the sale of L'Hommedieu's succession, which was administered by W. W. Stewart and one Rawson, both of whom are still the curators; that the plaintiff's brother was employed as the attorney of the curators for the settlement of L'Hommedieu's estate, and that these brothers reside together in the same house; that the note was transferred to the plaintiff after it became due, by Stewart, one of the curators, who endorsed it in blank, and has since left the state.

From the evidence thus adduced, the judge of probates was of opinion the plaintiff failed to prove that he came to the possession of the note in due course of trade, and for a valuable consideration, and that he must be non-suited. From judgment of non-suit the plaintiff appealed.

Eastern Dist.
January, 1840.

M'KINNEY
vs.
BEESON'S
ESTATE.

*Wills,* for the plaintiff and appellant.

*Eggleston* and *M'Caleb,* for the defendant.

*Morphy, J.,* delivered the opinion of the court.

This is an action by the holder of a promissory note against the estate of the maker. The answer sets up in defence divers matters, amounting, in substance, to a denial that the petitioner has any right to the note sued on; that it was ever legally transferred to him; or that he ever gave for it a *bona fide* consideration. Upon the evidence adduced in support of this defence, which was taken subject to all legal exceptions, there was a judgment of non-suit, from which the plaintiff has appealed.

A simple denial of the plaintiff's right to sue, as the holder of a negotiable instrument, cannot authorize the maker to contest his title to it, when he holds by a blank endorsement, unless it has been lost or stolen.

A bare denial of a plaintiff's right to a negotiable instrument, which is put in suit, cannot of itself authorize the maker to investigate or contest his title to the same, when he holds by a blank endorsement, unless the note has been lost or stolen, which is not alleged in this case. The maker, who wishes to question the holder's right to it, must first show that he has an interest in doing so; for, if he has not, the question of ownership is one with which he has nothing to do. That interest may, and generally does, consist in preserving some equitable grounds of defence, of which he apprehends an attempt is made to deprive him, by an assignment, which is not *bona fide.* No such allegation is to be found in the answer, but on the trial some attempt was made to prove that the succession of L'Hommedieu, from whose curator the plaintiff holds the note, was largely indebted to the deceased, Beeson, and that there were accounts to be adjusted between the two estates. Granting that such be the fact, the defence would be but little aided by the admission, for it appears from the pleadings and documentary evidence, that the note sued on was given in part payment of a lot of ground, adjudicated to the deceased, Beeson, at the sale of the succession of L'Hommedieu, and that the estate is insolvent; no set off could, therefore, be pleaded by the defendant, had the action been brought by the curator of L'Hommedieu's estate. *Green* vs. *Davis et al.,*

7 *Martin*, *N. S.*, 238. But it is contended, that Stewart, one of the curators of L'Hommedieu's estate, could not legally transfer a note belonging to the same, or give it to the plaintiff in payment of his own debt, as one of defendant's witnesses testified has been done in this case. If such transfer, or use made of the note, be illegal and improper, as no doubt it is, the act has operated no injury to the defendant, and, therefore, affords him no just cause of complaint. The curator is responsible for the whole amount of the notes received from the sale of the succession of L'Hommedieu, and the creditors and other persons concerned, will no doubt look to his securities, if he fails to render a faithful account of them. On the merits, the plaintiff is entitled to recover, having made out his case.

*Eastern Dist.*
*January*, 1840.

In a suit against the maker of a note, it is no ground of defence that it was improperly transferred by the curator of an estate, to which it belonged, to the holder, when it is endorsed in blank.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, and this court, now proceeding to render such judgment as should have been given below, do order and adjudge, that the plaintiff do recover of the estate of Amos Beeson, the sum of one thousand and three dollars, with legal interest from the 25th of September, 1837, and costs in both courts, and that the property mortgaged, as set forth in plaintiff's petition, be sold to satisfy this judgment.