## S. P. BOOYER *v.* JAMES HODGES et al.

1. EXECUTORS—ASSIGNMENT OF NEGOTIABLE PAPER BELONGING TO THE ESTATE.—As legal owners of the credits and choses in action of their testators, executors may transfer negotiable paper, which is part of the personal estate, in the usual way.

2. SAME—SAME—NOTICE—WHERE THE PAPER ON ITS FACE IS PAYABLE TO THE EXECUTOR AS SUCH.—If the paper on its face is payable to the executor as such, it is notice to those who take it, that it is assets of the estate and not the individual property of the executor.

3. THE ASSIGNEE OF NEGOTIABLE PAPER TRANSFERRED BY AN EXECUTOR HAS PRIMA FACIE A GOOD TITLE—ONUS ON DEBTOR TO DISPROVE IT.—The general rule is, that an executor may transfer negotiable paper, payable to the testator, or to himself in his representative capacity. But the general right is qualified by this important modification, viz.: If made in a transaction in no wise connected with the estate, but for the personal gain and advantage of the executor, the chose in action does not lose its character as assets, and the assignee acquires no title. If the debtor proposes to impeach the title of the assignee, on this ground, the *onus* is on him to make the proof.

ERROR to the circuit court of Chickasaw county. LOVERING, J.

The facts appear in the opinion of the court.

*Martin & Bates*, for plaintiff in error,

In support of the first assignment of error in this cause, submitted the following authorities: Rev. Code, 1857, art. 2, p. 355; Andrews v. Carr, 26 Miss. 577; Owen v. Moody, 29 ib. 79; Foll's administrator, etc., v. Wilson, 24 ib. 168; Bingham v. Sessions, 6 Smedes & Marsh. 13; 1 Lomax on

Executors, p. 559, subd. 2, p. 560, subd. 4 and 7, p. 574, subd. 18.

The jury found contrary to the law and evidence. The defendants in the court below failed to adduce any evidence tending to support their pleas, while all the *prima facies* under the law established the title to the note in the hands of the plaintiff. Emanuel & Barnett v. White, 34 Miss. 56.

The note sued on being made payable to bearer, a sale made thereof for value, not mixed with fraud to the estate, vested the legal title in the holder. Owen v. Moody, 29 Miss. 79–82 ; Miller, admr., v. Helm, 2 Smedes & Marsh. 687–696, etc. ; Searles v. Scott, admr., 14 ib. 94, 95, 96, 97.

We think, therefore, that the court erred in rejecting the motions in arrest of judgment, and that the verdict of the jury should have been set aside, and a new trial awarded in this cause. 1 Parsons on Bills and Notes, 50, 51.

No counsel for the defendants in error.

SIMRALL, J. :

The second plea alleges that the bill single was transferred by the payees who were executors, in payment of their private debt to the plaintiff, he knowing that it belonged to them as executors and was assets in their hands.

The third plea avers a sale of the bill single to the plaintiff, that the proceeds had never been accounted for, but the sale was for private benefit. These pleas were demurred to.

1st. The first proposition is, whether a negotiation of the bill single by the executors under the circumstances and upon the considerations stated, passed a valid title to the plaintiff. As regards the personal estate, the executors generally take the place of the testator ; where he was creditor they become such, where he was debtor, so are they by representation. As legal owners of the credits and choses in action, they may transfer negotiable paper in the usual modes. Such was recognized to be their general right in Andrews v. Carr, 26 Miss. 578 ; Owen v. Moody, 27 ib. 83.

While this is so, it must not be overlooked that the executor is a trustee administering funds (in which as such he has no interest) for the benefit of creditors and legatees. If he transcends his authority, his acts to their prejudice will be invalid. While he is legal owner of the credits of his testator, his title is coupled with the trust, that he shall apply them for the use of the beneficiaries. If he negotiate them for his private emolument, as in the purchase of property for his own account, or in payment of his personal debt, and the assignee have knowledge of this abuse of the trust, he is *particeps* in its breach, and acquires no title. This doctrine was fully weighed and clearly stated in the cases of Prosser v. Leatherman, 4 How. 239; and Miller, admr., v. Helm, 2 Smedes & Marsh. 694.

If the paper on its face is payable to the executors as such, it is notice to those who take it that it is assets of the estate, and not the individual property of the executor. Such was the character of the paper sued on in this action. The matters set up in the pleas disclose a palpable breach of trust, in which the plaintiff participates. The assignment therefore in these circumstances would be void. The demurrer to the pleas was properly overruled.

2d. We cannot notice the errors predicated in the granting or refusing instructions, as they are not in the record.

3d. The last cause assigned in the motion for a new trial is, that the verdict is contrary to the law and evidence. The bill of exceptions undertakes and professes to set out all the testimony adduced on the trial. The bill single is certified to be the only evidence before the jury. It is difficult to conceive why they found a verdict for the defendants. As we have seen, the general rule is, that an executor may transfer and negotiate paper, payable to the testator, or to himself in his representative capacity. But the general right is qualified by the important modification, viz.: If made in a transaction in no wise connected with the estate, but for the personal gain and advantage of the executor, the chose in action does not lose its character as assets

and the assignee acquires no title. There was no evidence before the jury, that the paper was negotiated for an improper purpose. There was no effort made to establish the truth of the pleas. If the debtor proposes (as was done in this case by the pleas) to impeach the title of the assignee the *onus* is on him to make the proof. .

The verdict is set aside, judgment reversed, and cause remanded for a *venire facias*.