## No. 4340.

### CITIZENS' BANK OF LOUISIANA *v.* J. STRAUSS.

The challenge of a juror by the plaintiff because he could not read or write the English language, was not a good ground of challenge, but as it is not contended that defendant has suffered by the ruling of the judge *a quo*, it cannot be declared a sufficient reason for reversing the judgment and verdict, and ordering a new trial.

While a party is before the court in the attitude of the *bona fide* holder of a note, he can legally object to any inquiry into the consideration of the note.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J.* Jury trial. *A. Pitot, Semmes & Mott,* for plaintiff and appellee. *W. W. King, A. Robert, John Ray,* for defendant and appellant.

HOWELL, J. This is a suit by a third holder against the maker of a promissory note, to which the defense is that the plaintiff is not the *bona fide* holder, but is suing for the benefit of the payer, against whom the defendant has a valid defense, to wit: want of legal consideration, in this, that defendant and the payer, S. Friedlander, as partners, purchased certain State warrants which were discovered to be forged and worthless, and by agreement the interest therein of said Friedlander was transferred to defendant, for which the note in suit, with others, was given. The case was tried before a jury, and after verdict and judgment in favor of plaintiff, and failure to obtain a new trial, the defendant appealed.

Two bills of exceptions were taken by the defendant, the first to the exclusion of a juror on the challenge of the plaintiff that he could not read or write the English language. This was not a good cause of challenge, but as it is not contended that defendant has suffered by the ruling of the judge, we can not declare it a sufficient reason for reversing the judgment and verdict and ordering a new trial.

The second bill was taken to the refusal of the judge to admit two documents, annexed to the bill, and which were offered to establish the illegal consideration of said note, and were ruled out on the ground that they were inadmissible until the defendant had first proved that the plaintiff was not the *bona fide* owner of the note, counsel for defendant contending that he could not be controlled in the order of introducing evidence, and declined to offer any other.

The rule invoked by defendant's counsel is correct, but it did not apply in this case, as the evidence offered is not admissible against a *bona fide* third holder, and while he is in that attitude before the court he can legally object to any inquiry into the consideration of the note.

We are of opinion that the rulings and judgment of the judge *a quo* were correct.

Judgment affirmed.

Rehearing refused.