## Francis P. Jenkins *v.* George W. Sherman.

1. PROMISSORY NOTES. *Legal title. Guardian. Assignment.*

   The legal title to a promissory note, made payable to the order of a designated person, is in the payee named, although he be designated as the guardian of another, whose name appears on the face of the note; and the payee may transfer such title to an indorsee.

2. SAME. *Suit by indorsee.*

   The holder of a promissory note who can trace to himself a clear legal title thereto, is entitled to sue upon it in his own name, although another may possess a beneficial interest in the money due upon it.

3. SAME.  *Code* 1892, § 660.

 Under code 1892, § 660, so providing, the assignee of a chose in action may sue and recover thereon, in his own name, if the assignment be in writing.

FROM the circuit court of Lowndes county.

HON. W. C. MEEK, Special Judge.

Jenkins, the appellant, was the plaintiff, and Sherman, the appellee, was defendant in the court below. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

*Sykes & O'Neill,* for appellant.

Though the note in controversy here was payable to E. R. Richards as executor of the deceased guardian of James Jones, W. C. Richards as executor of said deceased guardian, under the circumstances disclosed, could and did convey by his indorsement to S. B. Street the legal title to the note, and Street by his subsequent indorsement thereof, conveyed the legal title to the appellant.

Certainly no one but those interested in the estate of Jones, the ward, had a legal right to complain of or object to the sale and transfer of the note, and as they have been fully settled with, there remains no one in position to rightfully complain or who could assert a title as against the plaintiff to the note so sold and transferred by Richards, the executor. Surely the defendant will not be permitted to escape payment of his note upon the bare technical plea of the want of legal title in the plaintiff. *McWilliams* v. *Norfleet,* 63 Miss., 183; *Booyer* v. *Hodges,* 45 Miss., 78; *Cocke* v. *Rucks,* 34 Miss., 105.

*Cayce & Sturdevant,* for appellee.

The executor of a guardian has no power or authority to even continue the guardianship except for the purpose of settling the guardianship of his testator. He cannot in any sense be guardian. As such executor he could not obtain authority to sell

claims or compromise them. His functions exist only for the purpose of settling the account of his testator. He might collect a note or claim due to his testator as guardian, but he could go no further. The payment of the note in question to the executor, whether intended so or not, extinguished the note, and if paid by any person other than the debtor, was as a voluntary payment by them.

TERRAL, J., delivered the opinion of the court.

F. P. Jenkins sued George W. Sherman in the circuit court of Lowndes county on his promissory note, which reads as follows:

"$1,000.      COLUMBUS, MISS., November 1, 1886.

"On November 1st, after date, I promise to pay to the order of E. P. Richards, guardian of James Jones, one thousand dollars with interest from date at ten per centum per annum, value received.      GEORGE W. SHERMAN."

Indorsed:

"July 10th, 1893. I hereby renew the within note, and promise to pay the same one day after date.

                "GEORGE W. SHERMAN."

Indorsed:

"For value I assign within note and trust deed to S. B. Street. April 9, 1896.

    "W. C. RICHARDS, Ex. of E. P. Richards, Guardian."

Indorsed further:

"In consideration of one thousand, ninety-one and 66-100 dollars, to me paid by F. P. Jenkins, I hereby transfer and assign the within note and trust deed securing it, to the said F. P. Jenkins, but without recourse on me.

"This September 27, 1898.      S. B. STREET."

Several pleas were pleaded, and the case was tried by the court without jury, and was submitted upon the following agreed state of facts: That James Jones, the beneficiary in

the note sued on, was a lunatic, who died in 1894, and of whom E. P. Richards was guardian; that said note was for borrowed money, and was in the hands of said E. P. Richards at his death in March, 1896, when he died testate; that W. C. Richards was appointed executor of said E. P. Richards and qualified as such, who transferred said note to S. B. Street, upon his paying said W. C. Richards the full face value, principal and interest, of said note, all of which money, principal and interest, was by said W. C. Richards, executor, paid under the direction of the chancery court to the heirs and distributees of said James Jones; and that said Street, for value, transferred said note to the plaintiff, Jenkins. However, the court held that Jenkins was not the legal holder of said note, and could not sue on it because E. P. Richards, the guardian of James Jones, did not hold the legal title to said note, and could not, without a precedent order of the chancery court or of the chancellor, transfer the legal title to said note to Street, and Street, having no title, could not transfer title to Jenkins, and thereupon the court gave verdict and judgment for the defendant. We think the court grievously erred.

In general, the legal title to tangible personal property is in the ward, but if the property be a chose in action as a promissory note payable to the guardian by name, the legal title by the nature and form of the instrument is in the guardian. The common law required every note or bill to be made payable to bearer or to some certain payee, and when made to a certain person named, he thereby became the holder of the legal title, and could alone sue upon it.

That such payee is the holder of the title in trust to apply the proceeds of the note, when collected, in discharge of the trust reposed in him does not affect his right to collect the note, or to sue upon it in his own name. "Any holder of a bill or note who can trace a clear legal title to it, is entitled to sue upon

it in his own name, whether he possesses the beneficial interest in its contents or not." 2 Daniel Neg., Instr., sec. 1181*a; Ib.,* sec. 1191.

A bond secured by mortgage payable to the guardian may be collected at the discretion of the guardian, and he is the exclusive judge of the expediency of its collection. The purchaser is not required to look to the application of the purchase money, for he has a right to presume, in the absence of all direct and plain proof to the contrary, that the guardian will exercise his power fairly and faithfully, in conformity with his duty. *Field* v. *Schieffelin,* 7 Johns., 152.

In *Harpending's Executors* v. *Daniel,* 80 Ky. Rep., 451, Judge Lewis, speaking for the court, said: "It is well settled that any holder of a check who can trace a clear legal title to it may maintain an action upon it in his own name, whether he possesses the beneficial interest in its contents or not."

In *Caldwell* v. *Lawrence,* 84 Ill., 161, a promissory note payable to Kness, and .indorsed by him and delivered to the plaintiff, was sued on. The defendant pleaded that plaintiff, for a valuable consideration, had delivered the note back to Kness and thereby had parted with all his right and interest in the note, and that a right of action had remained in the payee. Held, the legal title to the note remained in the plaintiff, and the fact that the payee, Kness, may have been the equitable owner of the note constituted no defense to the action.

In *Ellis* v. *Proprietors of Essex Merrimack Bridge,* 2 Dick., 243, it was held that a sale of shares of stock in a bridge company by a guardian of a person *non compos mentis,* without a precedent order of court, was valid, and that a *bona fide* purchaser of said stock got a good title.

In *Humphrey* v. *Buisson,* 19 Minn., 225, the court said that a guardian has a general power over the personal estate of his ward, and he manages and disposes of such property at his own discretion.

In *Zachary* v. *Gregory,* 32 Tex., 456, the case was this: Gregory brought suit on a note of Zachary and others payable to Gregory as guardian of the heirs of John Murchison. The defendants denied Gregory's right to sue and recover on the note, alleging that by the marriage of the daughters of Murchison and the majority of his son, Gregory was no longer guardian. The court said: "The right of Gregory to sue on the note and to recover on it has been long settled in the courts of this state. There is no doubt that the legal holder of a promissory note may maintain an action upon it in his own name, though the equitable ownership of the note be in another. Had the defendants below really and *bona fide* doubted the right of Gregory to collect the money due from Zachary, they should have brought the money into court, and filed a bill of interpleader, and compelled the heirs of Murchison and Gregory to settle their relative rights to the money."

Indorsement is a technical, mercantile term, denoting the act by which the legal title to bills and notes drawn payable to order is transferred. Story on Prom. Notes, sec. 120; *Smalley* v. *Wright,* 44 Me., 445; *Clark* v. *Sigourney,* 17 Conn., 519.

We think that when George W. Sherman received of E. P. Richards the $1,000, and executed and delivered his note to Richards and payable to him, that the legal title to the note, from the form and nature of the paper itself, was in said E. P. Richards, and that when he died the legal title was vested in his executor, W. C. Richards. And we further think that when Street paid the principal of said note, and took the indorsement of it from Richards to him, that he thereby became the holder of the legal title to said note, and that by his indorsement of said note to plaintiff that the plaintiff became the holder and owner in law as in equity of said note, and is entitled to his action thereon.

That the payee of a note holds the legal title to it, and that the legal title is transferred by indorsement, are propositions

supported by considerations of more or less weight by the following Mississippi decisions: *Harding* v. *Cobb,* 47 Miss., 603; *Booyer* v. *Hodges,* 45 Miss., 78; *Etheridge* v. *Gallagher,* 55 Miss., 458; *Williams* v. *Savings Institution,* 57 Miss., 633.

By § 660, annotated code: "The assignee of any chose in action may sue for and recover on the same in his own name if the assignment be in writing." This statute settles the question. The note is a chose in action, the assignment is in writing, and if the statute is worth anything the plaintiff has a standing in a court of law.

Chief Justice Whitfield concurs in the result, on the ground that the maker of the note is estopped by the facts in the case to aver the want of legal title in the assignee.

*Reversed and remanded.*