(96 South. 680)

No. 25096.

BOWERS et al. v. RIEGAL et al.

(April 2, 1923. Rehearing Denied April 30, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Pleading ⬤⟲306—Petition in another suit held not part of petition, though produced in response to prayer for oyer.**

In a suit to enjoin sale of property for purchase money on ground that suit was pending to recover the property, petition in such other suit was not one which plaintiffs were required to file in response to prayer for oyer, under Code Prac. arts. 174, 175, and, though produced, did not become part of petition.

**2. Execution ⬤⟲171(1)—Purchaser sued for recovery of property not entitled to enjoin its sale under seizure by sheriff when purchase-money note has passed into hands of innocent third person.**

Code Prac. art. 298, par. 9, authorizing injunction on application of purchaser of property seized for payment of purchase price when suit has been instituted to recover the property, does not authorize injunction when purchaser must pay in any event, as when negotiable note for purchase price has passed into hands of innocent third person.

**3. Execution ⬤⟲172(4)—Purchaser suing to enjoin sale under seizure for purchase price must allege facts concerning purchase and note, if any.**

Purchaser suing to enjoin sale of property seized for purchase price because of pendency of suit to recover the property, under Code Prac. art. 298, par. 9, must allege name of his vendor, and how indebtedness is evidenced, and, if by promissory note, to whom it was payable, whether it was negotiable, whether it has been transferred, and, if so, whether transferee is holder in good faith.

**4. Bills and notes ⬤⟲497(1)—Holder of negotiable note presumed to have acquired it in good faith.**

If purchase-money note is negotiable and has been transferred, the presumption in suit to enjoin sale of the property for the purchase price is that holder acquired it before maturity and in good faith for value.

**5. Injunction ⬤⟲163(1)—Dissolved when petition insufficient, though plaintiff may make necessary allegations and immediately obtain another injunction.**

When petition in suit to enjoin seizure and sale of property for purchase money on ground of pendency of suit to recover the property fails to show that indebtedness is not evidenced by note held by bona fide holder, injunction will be dissolved, though plaintiffs may make necessary allegations and immediately obtain another.

**6. Chattel mortgages ⬤⟲211—Mortgages ⬤⟲258—Mortgage and privilege not negotiable.**

Mortgage and privilege in favor of vendor of movable and immovable property for the purchase money are not negotiable in sense of commercial law.

O'Niell, C. J., dissenting.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Suit by Samuel P. Bowers and others against George E. Riegal and others. From a judgment dissolving an injunction, plaintiffs appeal. Affirmed.

Charlton R. Beattie, of Thibodaux, for appellants.

Weeks & Weeks, of New Iberia, for appellees.

OVERTON, J. Samuel P. Bowers and the United Fibre & Products Company, Incorporated, addressed a petition to the district court in and for the parish of Iberia, in which they allege, in substance, that the sheriff of the parish of Iberia has seized and advertised for sale, under a writ of seizure and sale, issued in suit of Geo. E. Riegal v. Samuel P. Bowers, certain movable and immovable property, located in the parish of Iberia. They further allege that the proceedings in the suit of Riegal v. Bowers, in which the writ issued, are based upon a promissory note executed by one of them, Samuel P. Bowers, as a part of the purchase price of the property seized; that Bowers, in purchasing the property, was acting for the United Fibre & Products Company, Incorporated, his coplaintiff herein; that the money he paid on the purchase price of the property was money belonging to the United Fibre & Products Company, Incorporated; that, as Bowers was acting for that company, he transferred the property purchased by him to it; that the United Fibre & Products Company, Incorporated, recognizes that, under its agreement with Bowers, it is the debtor on the note declared on in the suit in which the writ of seizure and sale issued. They further allege that in the suit of Mary B. Nicol et al. v. Joseph R. H. Jacoby et al. both of them have been sued for the recovery of the property seized; that, as said note evidences a part of the consideration for said property, they should not be required to pay it, nor should the property be seized and sold for that purpose, unless the sale made to Bowers, and by him to his coplaintiff, the United Fibre & Products Company, Incorporated, be declared valid. They allege, however, that, notwithstanding they should not be required to pay the note till then, and notwithstanding the property should not be sold until then, the sheriff will proceed on May 21, 1921, according to his advertisement, to sell it, and that they are entitled to a writ of injunction to restrain him and Riegal, the seizing creditor, from so doing, and from proceeding further in the case. They pray that a writ of injunction issue for the purpose just stated, and they further pray that, if the Nicol case should be decided favorably to them, or to either of them, then that they, or the successful one, be granted a reasonable delay within which to make payment; and, if it be decided unfavorably to them, then that the injunction be forever maintained, and they declared free of any obligation under the note, which, in that event, they pray be canceled, together with the mortgage and vendor's privilege securing it.

George E. Riegal, the defendant in this suit, through the curator ad hoc appointed to represent him (Riegal being a nonresident) prayed for oyer of the petition filed in the Nicol case, alleging, as a reason for the granting of the prayer, that the demand of plaintiffs for the injunction is based on that petition, and, as a further reason, that a view of it was necessary in the preparation of his defense. Plaintiff, without objection, produced a copy of the petition, in response to the prayer. Defendant, Riegal, then filed a rule to dissolve the injunction on the face of the papers, on the ground that the petition for injunction is insufficient for the granting of the writ, and shows no cause of action. The trial court maintained the rule to dissolve, and plaintiffs have appealed.

[1] Defendant contends that the filing of the petition in compliance with the prayer for oyer had the effect of making it a part of the petition in the present suit, and that both petitions should be considered together in passing on the rule to dissolve. Plaintiffs

take the contrary position. In our view plaintiffs are correct. That petition cannot be considered such a document as plaintiffs were required to file in response to a prayer for oyer. Code of Practice, arts. 174 and 175. As they could not be required to file it, it should not be treated as part of the petition, in this case, merely because they produced it. However, were we justified in consulting the petition in the Nicol case, still the result would be the same. In other words, a consideration of the petition in that case is unnecessary to a determination of this suit.

It will be observed from the summary of the allegations of the petition, which we have given, that while Bowers, on the face of the record, appears to have bought this property, yet that in doing so he was acting merely as the agent of the United Fibre & Products Company, Incorporated, and therefore transferred the property to his principal, but nowhere in the petition is it made to appear from whom he brought the property, though this litigation grows out of that sale. It will be observed also that, while the petition shows that Bowers executed his promissory note in part payment of the purchase price, yet that the petition does not describe the note in any manner whatever. It does not show whether the note was negotiable or not, or to whom it was made payable.

The writ of injunction herein was issued under paragraph 9 of article 298 of the Code of Practice, which provides that the writ shall issue "on the application of any purchaser, whose property is seized for the payment of the price of a thing sold to him, whenever suit has been instituted against him for the recovery of the property."

[2-4] The purpose of paragraph 9 of article 298 of the Code of Practice is to afford protection to the purchaser against an attempt to enforce payment of the price of the property bought, only in the event that, if he be unsuccessful in the suit brought against

him to recover the property, he will not have to pay the purchase price. If he must pay it, whether successful or not, in such a suit, then obviously he is not entitled to the writ, as, for instance, if he has executed and delivered to the purchaser his negotiable promissory note for the purchase price, and the note has passed into the hands of an innocent third person before maturity. Therefore, in our view, it is not sufficient that the applicant for the writ merely allege that the property bought has been seized in a named suit for the payment of the price, but it is essential that he also describe the purchase by alleging the name of his vendor, and how the indebtedness for the price is evidenced, and, if by a promissory note, to whom the note was made payable, and whether it is negotiable, and, if so, whether it has been transferred. If the note is negotiable and has been transferred, the presumption is that the third holder acquired it before maturity, and in good faith, for value. Daniel on Negotiable Instruments (4th Ed.) § 784, p. 786; Hillard v. Taylor, 114 La. 883, 38 South. 594. Therefore, under such circumstances, it must be alleged that the third person is not a holder in good faith, for value, before maturity.

As plaintiffs' petition does not contain these necessary allegations, and is therefore insufficient to grant the relief prayed for, we are of the opinion that the court below was correct in maintaining the exception of no cause of action and the motion to dissolve.

[5] The rule that an injunction will not be dissolved, when another may issue immediately, has no application here. In this instance the error is radical, and the rule therefore does not apply, even assuming that plaintiffs are in position to make the necessary allegations.

[6] It may be said in conclusion that it is immaterial to this case whether the mortgage and the vendor's privilege, forming the basis

for the executory process, that issued and was enjoined, are negotiable, in the sense of the commercial law. It is well settled that they are not. Davis v. Welch, Sheriff, 128 La. 785, 55 South. 372. However, their negotiability, in that sense, is immaterial, because plaintiffs herein, in the event of their success in the suit to recover the property, admit the validity of the mortgage by asking that the executory proceeding be enjoined until the title to the mortgaged property be determined in the suit to recover; and manifestly, if they should be unsuccessful in that suit, they would no longer be interested in staying or defeating the seizure.

For the reasons assigned, the judgment appealed from is affirmed; appellants to pay the costs.

O'NIELL, C. J., dissents.

### On Application for Rehearing.

PER CURIAM. Decree amended by reserving to plaintiffs the right to bring a new suit on whatever cause or right of action they may have, and the rehearing refused.