(100 South. 66)

No. 26140.

**CITY SAVINGS BANK & TRUST CO. v. GOODMAN et al.**

(April 21, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Bills and notes** ⊚⊐370—Absence or failure of consideration not defense against bona fide holder in due course.

In view of Act No. 64 of 1904, §§ 28, 57, absence or failure of consideration is no defense against bona fide holder in due course.

2. **Bills and notes** ⊚⊐489(3) — Maker must challenge holder's good faith before proving fraud or want or failure of consideration.

Maker must affirmatively and specifically challenge good faith of holder in due course,

suing upon note, before he can offer proof of fraud or want of interest in holder or for failure of consideration.

**3. Bills and notes ⬦⟹489(3)—Answer held insufficient to admit evidence of defects in property for which note sued on given.**

In suit on note brought by bona fide holder in due course, answer failing to allege bad faith or want of consideration, or that plaintiff was not in fact legal holder for value before maturity, *held* insufficient to warrant admission of testimony of latent defects in property for which note was given and of misrepresentations on part of seller's agents.

**4. Bills and notes ⬦⟹365(1)—Defenses available against original payee cannot be urged against bona fide holder for value.**

Defenses available against original payee cannot be urged against bona fide holder for value.

**5. Contracts ⬦⟹88—Burden of proving failure or want of consideration rests upon party alleging it.**

Burden of proving failure or want of consideration rests upon party alleging it.

**6. Sales ⬦⟹124—No rescission without restoration of status quo.**

Purchaser of trucks and storage tanks could not rescind the sale without offering to restore vendor to the situation he was in at the time of the contract.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by the City Savings Bank & Trust Company against W. S. Goodman and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Foster, Looney & Wilkinson and Dimick & Hamilton, all of Shreveport, for appellants.

E. W. & P. N. Browne, of New Orleans, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a suit upon a promissory note for $3,000, with interest thereon at the rate of 8 per cent. per annum from December 30, 1921, and 10 per cent. on the principal and interest as attorneys' fees. The note is secured by a chattel mortgage on an automobile and a pledge and pawn of 35 shares of stock in the Pelican Corporation of Shreveport, La.

The petition alleges that plaintiff is the holder and owner of the note for value before maturity. Plaintiff obtained an order of court and sequestered the automobile. Defendants filed their answer to the suit, and also filed a motion to dissolve the sequestration. The motion to dissolve the sequestration was referred to the merits, the case was tried, and judgment was rendered in the words and figures as follows, to wit:

"It is ordered, adjudged, and decreed that there be judgment herein in plaintiff's favor and against defendants, W. S. Goodman and J. R. Hollingsworth, individually and in solido, in the sum of $3,000 with interest thereon at the rate of 8 per cent. per annum from December 30, 1921, until paid together with attorney's fees of 10 per cent. on principal and interest.

"It is further ordered, adjudged, and decreed that plaintiff's first lien and privilege as mortgage creditor on one Haynes automobile No. 34,921, with coupé body, and 35 shares of stock in the Pelican Corporation of Shreveport, La., of a par value of $100, each be recognized and enforced, maintaining the sequestration sued out herein, and that said property be sold at public auction and according to law, and that plaintiff be paid out of the proceeds thereof by preference and priority over all other creditors of said defendants."

From this judgment the defendants have appealed.

The answer filed by defendants in the court below admits the signatures to the note, the execution of the chattel mortgage and pledge of Pelican Corporation stock, and that the note is past due and unpaid. There is no specific allegation in the answer challenging the good faith of plaintiff as the holder of the note in due course, as indorsee, for value. The defense relied upon is the alleged failure of consideration for the note.

[1] Absence or failure of consideration is not a defense against a bona fide holder in due course.

"Absence or failure of consideration is a matter of defense as against any person not a hold-

er in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise." Section 28, Act 64 of 1904.

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." Section 57, Act 64 of 1904.

[2] The maker of a note must affirmatively and specifically challenge the good faith of the holder in due course, suing upon it, before he can offer proof of fraud, or want of interest in the holder, or for failure of consideration for the note. Banks v. Eastin, 3 Mart. (N. S.) 291; McKinney v. Beeson, 14 La. 254; Citizens' Bank of Louisiana v. J. Strauss, 26 La. Ann. 736; 8 Corpus Juris, 966, 983, 911.

The note sued upon was made payable to the vendees or their order, and was indorsed by them in blank. It was paraphed "Ne Varietur" to identify it with a chattel mortgage. The note represented the purchase price of two automobile trucks, each truck being equipped with a 750-gallon gasoline tank, and one storage tank of 10,880 gallons capacity, situated at Cedar Grove, Caddo parish. The defendants acquired the property from T. M. Hall, representing the Hall Oil Company, Inc., and the note was acquired by the plaintiff from T. M. Hall, in due course, before maturity, and for value.

[3] During the course of the trial the defendants offered proof of latent defects in the trucks and storage tank and of misrepresentations on the part of the agents of the Hall Oil Company, Inc., with respect to the original cost and condition of the trucks and tank prior to the sale to them. Plaintiff objected to the testimony, and reserving all rights thereunder he now urges the objection here. We think the lower court erred in overruling plaintiff's objection. The answer does not allege facts warranting the admission of the testimony. There is no allegation that the plaintiff acquired the note in bad faith or without consideration, or that it was not in fact the legal holder and owner thereof for value before maturity. It is true that paragraph 1 of the answer contains a mere denial of six paragraphs of plaintiff's petition, as follows:

"They admit that they signed a note attached to plaintiff's petition and the act of mortgage mentioned therein, which speak for themselves, but in every other respect and every other particular they deny the statements made and allegations contained in articles 1, 2, 3, 4, 5, and 6 of plaintiff's petition."

Article 1 of the petition alleges the indebtedness of defendants; article 2, the plaintiff's ownership of the note for value before maturity; article 3, the execution of the mortgage; article 4, the paraph of the note; article 5, the stipulations and agreements in the act of mortgage and its recordation; and article 6, the lien and privilege upon the mortgaged property. There is no affirmative and specific allegation in the answer challenging the good faith of the plaintiff or plaintiff's bona fide ownership of the note or that plaintiff had knowledge of the alleged failure of consideration.

[4] It is a well-recognized rule that the defenses available against the original payee of a note, such as want or failure of consideration, cannot be urged against a bona fide holder for value. As counsel for plaintiff says in the brief:

"The reason for the rule, which appears to have been adhered to by practically all of the courts, is that, where a note is regularly indorsed, the holder is deemed prima facie to be the owner. * * * It is well settled that presumptions can be overcome only by evidence of an affirmative nature, and that evidence of this nature can be offered in such cases only under proper allegations."

[5, 6] Moreover, the burden of proving failure or want of consideration rests upon the party alleging it, and our appreciation

of the testimony in this case leads us to the conclusion that defendants have failed to satisfactorily meet this legal requirement. They are seeking to rescind a sale, but they have not offered to restore the vendor to the situation he was in at the time the contract was entered into. Clover v. Gottlieb, 50 La. Ann. 568, 23 South. 459.

"The party who would disaffirm a fraudulent contract must return whatever he has received upon it. This is on a plain and just principle. He cannot hold all or such part of the contract as may be desirable on his part, and avoid the residue, but must rescind in toto if at all." Masson v. Bovet, 1 Denio (N. Y.) 74, 43 Am. Dec. 653.

For these reasons we find the judgment of the lower court correct, and it is affirmed at appellants' cost.