## BERNARD v. INTERNATIONAL HARVESTER CO.
### No. 14099.

Court of Appeal of Louisiana. Orleans.
Oct. 31, 1932.

Joseph A. Casse, of New Orleans, for appellant.

Chas. F. Fletchinger, of New Orleans, for appellee.

JANVIER, J.

Plaintiff appeals from a judgment dismissing her suit because of failure to comply with an order granted to defendant in response to a prayer for oyer of a certain document referred to in the petition.

The suit seeks recovery of compensation under Act No. 20 of 1914, as amended. In her petition plaintiff, alleging the receipt of injuries while in the course of her work as an employee of defendant, makes practically no detailed allegations as to the extent of her disability; the only averment in this regard being that she "was treated by Dr. Hart and Dr. Bordenave, for a period beginning April 12, 1930, up to and including the time of filing of this petition, which petitioner makes a part of this petition, a certificate from said doctors."

The certificate referred to was not filed with the petition, whereupon defendant prayed for oyer thereof.

The order granted on September 24, 1930, commanded plaintiff to file the said certificate within ten days, in default of which it stated that the petition would be dismissed.

On October 14, 1930, the document not having been filed, defendant obtained another order, under which plaintiff was required to show cause on October 17, 1930, why the suit should not be dismissed.

The rule fixed for October 17, 1930, was continued on two occasions, and finally on October 31 judgment of dismissal was rendered.

We are told, and it is not denied, that, on both occasions on which the rule for dismissal was called for hearing in the court below, counsel then representing plaintiff advised the court that he would file the required document if granted additional time.

At no time did he raise the question which counsel representing plaintiff in this court now urges, i. e., that the document referred to in the petition and ordered to be produced is not such a document as under Code of Practice, art. 175, may on prayer for oyer be required to be produced; that the certificate referred to is not, to use the words of the codal article, a "document declared upon," but is only evidentiary in character, and that the reference thereto in the petition constitutes surplusage, for the reason that a pleader need not refer in detail to the evidence which he intends later to produce, but is only required to make his allegations of fact, in proof of which he may later introduce evidence.

Plaintiff's contention, to express it differently, is that, if a prayer for oyer be granted improperly, the document order produced not being such as is contemplated by the codal article referred to, then failure to comply with such order cannot form the basis of a judgment dismissing the suit.

Defendant counters with the suggestion that, even though the document may not be such as is referred to in the codal provision, still plaintiff cannot now be heard to so contend, because her counsel on return to the prayer for oyer did not make the point now urged, but, on the contrary, expressed a willingness to file the document.

Counsel for defendant further maintains that the reference in the petition to the said certificate is not surplusage because, in the absence of the certificate, the petition does not contain in itself sufficient allegations as to the extent of the injuries complained of to permit of defendant's safely answering.

■ Article 175 of the Code of Practice provides that defendant may compel by prayer for oyer the production of a "document declared upon." We understand this to mean that a prayer for oyer must be granted when the document, for instance, a note, a contract, a will, or a title deed, or some such paper, forms the basis of the suit. The certificate referred to here in no sense forms the basis of this suit. It is not a document declared upon. It need not have been referred to in the petition, and, had the point been made below, we entertain no doubt that our brother of the district court would have refused to grant the order requiring the production of the said certificate, which is nothing more than the ex parte statement of two doctors and evidences the character of testimony they would give, if called as witnesses. Such a document cannot, under the codal provisions, be made the subject of prayer for oyer. See Bowers v. Riegal, 153 La. 851, 96 So. 680.

■ The failure of plaintiff's then counsel to make the point which the counsel now representing her before us has raised and the agreement of the former counsel that, if given further time, he would produce and file the document, have given us much concern, because it is quite possible that, in a case in which the usual rules of pleading and practice are applicable, we might be constrained to hold that such action by an attorney should effect an estoppel and prevent the contention later that the prayer for oyer should not have been granted. In other words, it might be that in an ordinary case it would be proper to hold that a plaintiff, who, in return to a prayer for oyer, instead of contesting the right to demand oyer of the particular document in question, agrees voluntarily to comply with such order, loses his right to later contest the validity of the order.

But this is not an ordinary suit. It is one the pleadings and trial of which are governed by Act No. 20 of 1914 as amended, and we find in section 18, par. 4, of that act as amended by Act No. 234 of 1920, that: "The judge shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure other [than] as herein provided."

In Pierre v. Barringer, 149 La. 71, 88 So. 691, our Supreme Court placed upon the statute (Act No. 234 of 1920) a most liberal interpretation, and we feel that we should follow the course marked out by that court and not deprive those who desire to litigate of their right to be heard in compensation cases because of errors and oversights of their attorneys, unless rights of other litigants would be prejudiced by such relaxation of the usual rules of pleading and procedure.

No harm can come to defendant if plaintiff be permitted to continue the prosecution of the present suit, because, since the judgment rendered is one of nonsuit and not of absolute dismissal, plaintiff could file a new suit on the same cause of action, and defendant would then be in no better position than that in which it now finds itself.

If, without the presence of the certificate in question, there is not sufficient allegation of fact as to the extent of plaintiff's disability to advise defendant as to just what is at issue—and, though we do not see that that question is now before us, we find it difficult to refrain from commenting on the scarcity of illuminating allegations in that regard—appropriate exceptions or other pleadings will no doubt produce the desired effect.

The judgment appealed from is reversed, and the matter is remanded to the district court for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.