WESTON *et al. v.* MERCHANTS' BANK & TRUST CO.

(Division A. April 29, 1935. Suggestion of Error Overruled, June 10, 1935.)

[161 So. 145. No. 31600.]

Robert L. Genin and Edward I. Jones, both of Bay St. Louis, for appellants.

**R. A. Wallace**, of Gulfport, for appellee.

Argued orally by **Robert L. Genin** and **Edward I. Jones**, for appellant, and by **R. A. Wallace**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Appellee, Merchants' Bank & Trust Company of Bay St. Louis, Mississippi, brought an action at law against E. C. Weston, D. R. Weston, and C. W. Weston, residents of Hancock county, Mississippi, to recover a balance due on two promissory notes. The notes were dated September 17, 1927, were for nine thousand three hundred seventy-five dollars each, and were executed by A. K. Roy of New Orleans, Louisiana, payable at the Hancock County Bank of Bay St. Louis, Mississippi, to the order of C. W. Weston, E. C. Weston, D. R. Weston, J. C. Pye, and W. F. Foley. The Merchants' Bank & Trust Company purchased these notes for value, and on the reverse sides thereof appear the following indorsements: "Succession of W. F. Foley, John C. Pye, Administrator. J. C. Pye, E. C. Weston, D. R. Weston, C. W. Weston." Pye, individually and as administrator of the succession of

Foley, was not sued, since he was a nonresident of the state and not within the jurisdiction of the court. It was shown that there had been a foreclosure of the deed of trust which secured the notes, and the proceeds of such sale were credited on the notes, and this with other credits reduced the balance due to seven thousand seven hundred ninety-eight dollars and sixty-one cents,

The Westons appeared and defended by filing a plea of the general issue; they also gave notice under the general issue that the indorsement of the succession of Foley by John C. Pye, administrator, was void, because Pye was an administrator appointed by a court of Louisiana and had never been empowered to indorse said notes by the court which appointed him. After the hearing of the evidence, both sides requested a peremptory instruction, the one requested by the appellee was granted, and the jury was instructed to find for the bank against the appellants in the sum of nine thousand eight hundred eighty-seven dollars and sixty-three cents. Interest and attorney fees were included in this amount.

It appears that D. R. Weston was active in the sale of three notes of like tenor and different maturity dates to the bank; the two notes here sued on being included therein. The bank paid twenty-seven thousand three hundred twenty-seven dollars therefor by delivering a separate check to each of the named indorsers for five thousand four hundred sixty-seven dollars and forty cents. The check in favor of Foley's estate was made payable to the heirs at law, with their names stated therein, of Foley; he having died after the execution of the notes and before their negotiation. Demand, notice, and protest were waived in the notes.

The record of the Louisiana court of the appointment, inventory, appraisal, final account and approval thereof, of Pye as administrator of the succession of Foley was in evidence. It discloses that the full amount of the

check executed by the bank in purchase of Foley's interest in the notes was reported to the civil court of Louisiana and listed as one-fifth of the face value of the notes. In the final account the proceeds of the check for five thousand four hundred sixty-seven dollars and forty cents was reported as the proceeds of the sale of Foley's one-fifth interest in these notes, and the account was approved by the court having jurisdiction thereof, and the administrator duly discharged. Disbursement to the heirs at law of Foley was approved, and the estate appears, from the pleadings and the decree, to have been fully and finally administered. The estate was solvent. It appears that, before the Merchants' Bank & Trust Company paid for the notes, it required an assignment, executed and acknowledged by the heirs of Foley, of any and all interest they had in the notes here involved.

It is the contention of the appellants that the indorsement of the notes by Pye as administrator was unauthorized, the right to sell or indorse the notes not having been granted to Pye by the Louisiana court which had jurisdiction of that administration, and therefore did not vest title in the bank. The appellee's answer to this contention is (1) that the approval by the court of the final account was a ratification of the action of the administrator in the sale of the notes; (2) that the administrator was a partner of Foley, and therefore had a right as such partner to indorse the notes; and (3) in any case all payees had indorsed the notes.

We are of the opinion that it does not appear that the indorsement by Pye, administrator, was wholly unauthorized by the laws of Louisiana. He had not been specifically empowered so to act by the civil court of Louisiana having jurisdiction of the succession. The record of the administration of that succession does not show an order permitting a sale of the movables belonging to the estate. It is argued by appellant that a prec-

edent order is necessary and essential to the sale of movables, including these notes, in the hands of an administrator, citing article 1051, Louisiana Civil Code; Burbank v. Payne & Harrison, 17 La. Ann. 15, 87 Am. Dec. 513. The entire record of the administration of the succession, including the final account, discloses that the court was advised in the final account of the sale of the interest of Foley in these notes, and that the proceeds thereof were paid to the four heirs at law of decedent.

Section 2697, Code of 1930, is as follows: "Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others."

Under this section of the Negotiable Instruments law, the rule is that, in order to vest the legal title in the immediate indorsee, all the payees of the negotiable instrument must indorse, and the indorsement of the administrator was effective to and did pass title thereto, unless prohibited by the laws of Louisiana.

We have reached this conclusion after reading the evidence herein of a member of the Louisiana bar, who gave it as his opinion that an administrator could not transfer title to a negotiable instrument without a precedent order of the court having jurisdiction of the succession; however, he did not know of any decision of his courts dealing with the state of facts here presented to us.

The indorsement of all payees of the note here involved was regular on the face thereof.

In the case of Owen v. Moody, 29 Miss. 79, our own court held as follows: "It is well settled generally, and such seems also to be the doctrine in Kentucky, that the executor or administrator of a person to whose order a promissory note is made payable may transfer it, so as to enable the transferrer [evidently transferee] or indorsee to maintain an action upon it in his own name"—citing

authorities. Also on this point see Booyer v. Hodges, 45 Miss. 78; Andrews v. Carr, 26 Miss. 577, 578; and Grist v. Forehand, 36 Miss. 69.

We do not find a conflict between the cases of Burbank v. Payne & Harrison, 17 La. Ann. 15, 87 Am. Dec. 513, and McKinney v. Beeson's Estate, 14 La. 254. In the former case, it was held that an administrator was not authorized to indorse a note belonging to the estate. In the latter case that court held: "A simple denial of the plaintiff's right to sue . . . cannot authorize the maker to contest his title to it, when he holds by a blank endorsement, unless it has been lost or stolen. In a suit against the maker of a note, it is no ground of defence that it was improperly transferred by the curator of an estate, to which it belonged, to the holder, when it is endorsed in blank."

In the case at bar, a payee indorser undertakes the defense that the holder cannot sue thereon because the indorsement is by the administrator of Foley's estate, Foley being a copayee then dead. The money here was paid into the hands of the several, real beneficial owners of the notes. No question of fraud or personal benefit to the administrator was raised.

We are therefore of the opinion that indorser appellants cannot complain here that the bank was without title because of an irregular indorsement, if it was irregular, of a joint payee's administrator.

This view is reinforced and strengthened by the fact that the administrator reported to the court of competent jurisdiction of decedent's estate that he had sold the notes and the amount received by him therefor.

That court knew that indorsement was one of three ways by which a note could be transferred, and that, too, the most usual way. That court had jurisdiction of the subject-matter and of the parties. The court, by its de-

cree, necessarily approved this sale, and presumably, in so doing, followed the law of that state.

The heirs at law likewise, by their assignment of the notes to the bank, approved the act of the administrator in his indorsement of the notes.

The Louisiana court and the heirs at law seem to be the only ones in a position to repudiate the indorsement. They did not so do, but ratified and accepted its results.

The other errors assigned are without merit.

Affirmed.