O’NIELL, Chief Justice.
 

 The plaintiff is appealing from a judgment dismissing her suit on an exception of
 
 *456
 
 no cause of action. The suit is for possession of a promissory note which the plaintiff alleges was entrusted by her to an attorney at law for collection. She avers that, at a time unknown to her, but known to the defendant, Sam Kunnes, the attorney fraudulently converted the note to his own use and transferred it to Kunnes in fraud of her rights, and that she does not know, but that Kunnes knows, what consideration if any was received by the attorney for the note.
 

 The reason why the judge o’f the civil district court dismissed the suit for want of a cause of action is that the plaintiff did not allege that Sam Kunnes was a party to the alleged fraud, or allege that Kunnes is not a holder in due course. Our opinion is that the plaintiff’s allegation that her attorney did not have title to the instrument, or have authority to transfer it, is a sufficient allegation to put the burden upon the defendant to plead that he is a holder in due course. Assuming, for the purpose of deciding whether the petition sets forth a cause of action, that the promissory note in contest is, as the defendant says, a negotiable instrument, the case is governed by section 59 of the Negotiable Instrument Law, Act No. 64 of 1904, which provides:
 

 “Sec. 59. Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title.”
 

 Therefore, when one who once had title to a negotiable promissory note sues for possession of it and shows that the party who negotiated it had no title to it nor authority to negotiate it, the burden is upon the defendant claiming ownership of the note to show that either he or someone from whom he claims title acquired the note as a holder in due course. The concluding sentence in section 59 declares, substantially, that a maker or endorser who is sued by a holder in due course of a negotiable promissory note cannot escape liability by showing merely that the party who originally negotiated the instrument had no title, or had a defective title. But this case is not governed by that rule because in this case the plaintiff is not in any way bound for the payment of the note. On the contrary, she claims ownership of the instrument. For that reason the decisions cited by the attorney for the defendant are not appropriate, namely, Bowers v. Riegal, 153 La. 851, 96 So. 680; City Savings Bank & Trust Co. v. Goodman et al., 156 La. 106, 100 So. 66; and Hollingsworth v. Ratcliff et al., 162 La. 281, 110 So. 422, 423. Bowers v. Riegal was a suit for an injunction against an executory proceeding brought by the holder of a negotiable mortgage note against the maker of the note, and the ruling was that the maker was not entitled to the presumption upon which the plaintiff in the present case relies. City Savings Bank & Trust Co. v. Goodman et al. was a suit by the holder of a negotiable promis
 
 *458
 
 sory note against the maker. Hollingsworth v. Ratcliff et al. was a suit by one who claimed ownership of a mortgage note, 'for an injunction against the holder and the sheriff to arrest a foreclosure of the mortgage by executory process. The plaintiff in the injunction suit alleged “that [the defendant] Ratcliff obtained possession of the note fraudulently and without consideration”. On the trial of the rule for an injunction, the evidence showed and the court found as a fact that the defendant, Ratcliff, did not obtain possession of the note fraudulently or without consideration, and in fact that he was a holder in due course. There is nothing in the opinion rendered in that case contrary to our opinion in this case, that under section 59 of the Negotiable Instrument Law the allegation of the plaintiff in this case that the attorney at law who negotiated the instrument which the plaintiff had entrusted to him for collection had no title to the instrument nor authority to negotiate it is sufficient to put the burden upon the defendant to plead that either he or some person under whom he claims title to the instrument acquired it as a holder in due course. ,
 

 The judgment appealed from is reversed, the exception of no cause of action is overruled, and the case is ordered remanded to the civil district court for further proceedings. The defendant, appellee, is to pay the costs of this appeal; all other costs are to abide the final disposition of the case.
 

 McCALEB, J., takes no part.
 

 ROGERS, J., absent.