LOTTINGER, Judge.
This matter is before us on an appeal by the plaintiff from a judgment of the Lower Court which dismissed its demand for the sum of $150.00, being the amount allegedly due it by virtue of a contract entered into between itself and defendant.
There appears to be no question as to the execution of the contract which related to the advertisement for sale of property known as “Alvin Roy’s Slenderizing Studio” situated in the city of Dallas, Texas. The written agreement provided in part as follows:
“I authorize you to advertise for sale the above business or property and for that purpose reserve space as follows:
“You are to advertise the sales information on my business or property to hundreds of brokers by publication in the next issue of the U. I. Brokers Bulletin. I understand that the United Interchange is not itself a broker.
“You are also to advertise the sale of my business or property directly to potential buyers throughout the nation by publication, in the next issue of the U. I. Byers Digest.
“For this reserved space, I will pay you the sum of $150.00 at Dallas, Texas, three (3) months from the date of your acceptance of this advertising *73 agreement, unless I enter into an agreement to sell my business or property prior to that time, in which event this sum shall become immediately due and payable. If I default in payment and you commence legal action for collection, I agree to pay reasonable attorney’s fees and court costs in such action.
“All the terms of this agreement are specifically set forth herein. Please use the information furnished by me on the accompanying data sheet in preparing advertising for me.”
The defendant first filed in proper persona a pleading purporting to be an answer which was in the form of a general denial. Later, through counsel, an answer was filed on defendant’s behalf which denied the alleged indebtedness and which averred that “The plaintiff failed to perform his obligations under the original agreement in that prospective buyers were not obtained by the plaintiff for the defendant. The agreed upon advertisement was not circularized in local newspapers as the agent of the plaintiff had informed the defendant would be done. The defendant therefore, pleads that the plaintiff did not perform his obligations under the contract and that there is failure of consideration on the part of the plaintiff”.
The agreed statement of facts in the record shows that defendant, over objection of counsel for plaintiff, was allowed to testify to the effect that the plaintiff’s salesman had represented to him orally that, as part of the consideration of the contract, plaintiff would “advertise in nationally known papers and magazines in circulation throughout the United States giving a broad and comprehensive coverage to the reading public of the United States concerning the contemplated sale” of the defendant’s property.
The defendant’s testimony was inadmissable for the reason that parol evidence cannot be admitted to alter or contradict the terms of a written contract except upon a showing of error, fraud or mistake. See Electric Neon Clock Co. v. Cooper, La.App., 83 So.2d 678. A reading of defendant’s answer shows that in essence the real defense urged to the suit was want of consideration, the burden of proving which rested upon him. See City Savings Bank & Trust Co. v. Goodman, 156 La. 106, 100 So. 66.
The documentary proof offered by plaintiff shows beyond doubt that it complied with the terms of its obligations as embodied in the written contract.
For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be reversed and that there be judgment herein in favor of the plaintiff, United Interchange, Inc. and against the defendant, George H. DeClouet condemning the said George H. DeClouet to pay to the said United Interchange, Inc. the full and. true sum of One Hundred Fifty and No/100 ($150.00) Dollars, together with legal interest thereon from August 28, 1958 until paid, and all costs of suit.
Judgment reversed and rendered.